# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| BATASKI BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 1:14-cv-0797-CC-JCF |
| | ) | |
| EQUIFAX CREDIT INFORMATION SERVICES INC., EXPERIAN SOLUTIONS, INC., and TRANS UNION LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF BRIAN J. OLSON IN SUPPORT OF DEFENDANT
EQUIFAX INFORMATION SERVICES LLC'S OPPOSITION TO
<u>PLAINTIFF'S MOTION TO STRIKE ANSWER</u>**

I, Brian J. Olson, hereby declare as follows:

1. I am over the age of 21, and have personal knowledge of the facts set forth herein, and those facts are true and correct. If called to testify, I could and would testify competently hereto.

2. I am an attorney with the law firm of King and Spalding LLP in Atlanta, Georgia, representing Equifax Inc. ("Equifax") in the above-captioned action.

3. I submit this declaration in support of Equifax's Response in Opposition to Plaintiff's Motion to Strike. This declaration is submitted based

upon my personal knowledge and review of records in this case.

4.      On or about May 16, 2014, after receiving the Complaint, I contacted Plaintiff to discuss resolving the case.

5.      On May 28, 2014, May 30, 2014, and June 2, 2014 I had additional conversations with Plaintiff about settling the case.

6.      On or about May 28, 2014, Plaintiff made an initial settlement demand.

7.      On June 2, 2014, as part of the settlement negotiations, Plaintiff requested that I provide him a copy of his credit file to review for accuracy. A copy of the email in which Plaintiff requested the credit file as part of the settlement negotiations is attached hereto as Exhibit 1.

8.      In light of the ongoing attempts to resolve the case, on June 3, 2014, I contacted Plaintiff by telephone and requested that he consent to an extension of time for Equifax to Answer the Complaint.

9.      The extension would allow Equifax to conduct further investigation and continue to try to resolve the case.

10.     Plaintiff consented to Equifax's request that it be allowed to respond to the Complaint on or before June 23, 2014.

11.     On June 4, 2014, Equifax filed a motion for extension of time to

respond to the Complaint and, according to its records, served a copy of the motion on Plaintiff.

12. On June 4, 2014, I sent Plaintiff a copy of his credit file. A copy of the email to which I attached the credit file is attached hereto as Exhibit 2.

13. On June 5, 2014, Plaintiff sent an email to me and attached documents related to his claims and the ongoing settlement discussions. A copy of the email is attached hereto as Exhibit 3.

14. On June 7, 2014, Plaintiff sent another email me further discussing settlement and the claims in the case. Plaintiff stated that he intended to amend his Complaint if the case was not settled and invited further discussion about the case. A copy of the email is attached hereto as Exhibit 4.

15. From June 8, 2014 to June 23, 2014, Equifax and I continued to analyze potential settlement and conducted an internal investigation into the potential new claims stated by Plaintiff.

16. On June 23, 2014, I sought an extension of one additional week to answer the Complaint and attempted to obtain Plaintiff's consent.

17. I attempted to contact Plaintiff by telephone, but was unsuccessful.

18. On June 23, 2014, Equifax filed a motion for extension of time to answer the Complaint and served a copy of the motion on Plaintiff.

19. The parties held a Rule 26(f) and Local Rule 16.1 conference on June 25, 2014.

20. Equifax served Initial Disclosures on June 25, 2014.

21. On July 17, 2014, we sent a letter to Plaintiff, via email and certified mail, pursuant to Federal Rule of Civil Procedure 11, requesting Plaintiff withdraw the Motion to Strike and notifying him that Equifax would seek sanctions. A copy of the letter is attached hereto as Exhibit 5.

Pursuant to 28 U.S.C. §1746, I further declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of July, 2014, at Atlanta, Georgia.

By: _____
Brian J. Olson

**EXHIBIT "1"**

# Olson, Brian

**From:** Bataski Bailey <bataskib@hotmail.com>
**Sent:** Monday, June 02, 2014 9:47 PM
**To:** Olson, Brian
**Subject:** Bailey v. Equifax

Mr. Olson,

I wanted to reach out a request a current copy of my credit report pursuant to Georgia's free credit reports law. I didn't think it would be appropriate for me to contact your client directly. Can you arrange for me to get a copy ASAP?

Thanks,
Bataski

1

**EXHIBIT "2"**

# Olson, Brian

| | |
|---|---|
| **From:** | Olson, Brian |
| **Sent:** | Wednesday, June 04, 2014 12:27 PM |
| **To:** | Bataski Bailey <bataskib@hotmail.com> (bataskib@hotmail.com) |
| **Subject:** | Bailey: Your disclosure |
| **Attachments:** | Bailey_disclosure_632014.pdf |

Hi Bataski,

I hope that all is well these days.  Here is your file.  Talk to you soon,

Brian J. Olson
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: 404.215.5806
Facsimile:  404.572.5100
bjolson@kslaw.com

1

**EXHIBIT "3"**

# Olson, Brian

| | |
|---|---|
| **From:** | Bataski Bailey <bataskib@hotmail.com> |
| **Sent:** | Thursday, June 05, 2014 10:37 AM |
| **To:** | Olson, Brian |
| **Subject:** | BOA (supporting docs) Dispute |
| **Attachments:** | BOA Dispute.pdf |

Brian,

Here are the docs regarding the BOA dispute (they were also attached to the original investigation request) in which your client failed to properly investigate and remove the inaccurate information pursuant to FCRA.

Thanks,
Bataski

**EXHIBIT "4"**

# Olson, Brian

| | |
|---|---|
| **From:** | Bataski Bailey <bataskib@hotmail.com> |
| **Sent:** | Saturday, June 07, 2014 1:24 PM |
| **To:** | Olson, Brian |
| **Subject:** | Bailey v. Equifax |

Brian,

I've had a chance to look through my file for the dispute of the Bank of America account. While doing so I noticed a pattern of behavior by your client with regards to the way disputes are handled and/or "investigated". Because of this pattern I believe both the BOA case and the Wells Fargo case show the pattern of behavior needed to rise to a malicious intent claim under the FCRA standards. With that being said if we aren't able to reach a settlement in both matters on or before June 18, 2014, I will either file an amended claim seeking to add the BOA account allegations, or file a separate action and seek to have them joined (even if they are not joined I will still proceed with the BOA claim). I'm sure based on the documents shown this week you understand why I feel your clients behavior is so egregious.

I look forward to discussing this matter with you more in the future.

Sincerely,
Bataski

**EXHIBIT "5"**

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Lewis P. Perling
Direct Dial: +1 404 572-3079
Direct Fax: +1 404 572 5100
LPerling@kslaw.com

July 17, 2014

**VIA CERTIFIED MAIL AND EMAIL**

Bataski Bailey
1778 Twin Brooks Dr. SE
Marietta, GA 30067

      Re: **Bataski Bailey v. Equifax Credit Information Services, Inc. ("Equifax")** *et al.*
           United States District Court, Northern District of Georgia
           Civil Action No. 14-cv-0797-CC-JCF

Dear Mr. Bailey:

      This letter is being sent, pursuant to Federal Rule of Civil Procedure 11, to request the immediate withdrawal of Plaintiff's Motion to Strike Defendant Equifax Credit Information Services, Inc.'s Answer To The Complaint ("Motion to Strike"). (Doc. 31.) As we discussed in our telephone conversation of July 11, 2014, there is no basis whatsoever for the Court to strike Equifax's answer. Your motion is without justification and, if you refuse to withdraw it, Equifax will seek sanctions under Rule 11.

      The Motion to Strike contains no citation to a rule or law that would permit striking Equifax's answer. Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which permits the Court to strike from a pleading any insufficient defense or otherwise redundant, immaterial, impertinent or scandalous matter. Motions to strike are disfavored and will be denied unless the pleading sought to be stricken is clearly insufficient as a matter of law. *Bank of the Ozarks v. 400 South Land Co., LLC*, 2012 WL 3704807, at *5 (N.D. Ga. Aug. 27, 2012) Even if the allegations in your Motion to Strike were true, which they are not, there is not a legal basis for the Court to strike Equifax's answer. There is no redundant, immaterial, impertinent or scandalous matter in the answer, nor is it insufficient as a matter of law. There is no doubt that if you refuse to withdraw the Motion to Strike, the Court will deny it.

      A reasonable investigation prior to the filing of the Motion to Strike would have revealed that it is unsupported by the law and should not have been filed. The claims for relief in the Motion to Strike are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" as required by Rule 11(b)(2). Accordingly, Equifax demands that you file a notice of withdrawal of the Motion to Strike, with

July 17, 2014
Page 2

prejudice, no later than July 25, 2014. If the Motion to Strike is not withdrawn by that date, Equifax intends to file a motion for its fees and costs under Rule 11.

If you have any questions or want to discuss, please do not hesitate to contact me.

Sincerely,

Lewis P. Perling

DMSLIBRARY01:23312497.1