ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUL 31 2014
JAMES N. HATTEN, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| BATASKI BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 1:14-cv-0797-CC |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

COMES NOW Plaintiff Bataski Bailey and files this his Reply to Defendant **Equifax Information Services LLC's**, Response to Plaintiff's Motion to Strike Defendant's Answer. In the Defendant's Response they blatantly admit to Mr. Olson perjuring himself. This Court must NOT allow these actions to go unchecked. This Court has a duty to maintain the sanctity of it's pleadings by attorney's and all those who petition this Court. The question this Court must answer is if Mr. Olson lied in his statement of facts in both Motions for Extension of Time (doc. 12 and doc. 15) and/or in his declaration.

The Defendant's have tried in their response to make this Motion to Strike about anything other that what it is. This motion is solely about Mr. Olson lying to this Court. If pointing out when a party is dishonest with the Court is frivolous then maybe each attorney who would make that argument should reexamine the oath they took as

attorneys. This Court has a duty to ensure decisions are based on facts and not on dishonesty or out right lies.

Lets consider what Mr. Olson has stated thus far. In the First and Second Motions for Extension of Time to File an Answer he stated "Equifax attempted to contact Plaintiff to get his consent to this motion, but was unable to contact him." Now in his declaration he states "Plaintiff consented to Equifax's request that it be allowed to respond to the Complaint on or before June 23, 2014." (Olson Dec. 10) **At NO point did I nor anyone acting on my behalf ever consent to anything or ever represent that I would consent to anything involving this case.** Also, why would Mr. Olson then file a document that states "Equifax attempted to contact Plaintiff to get his consent to this motion, but was unable to contact him." if he in fact had already gained "consent"? Mr. Olson has failed to provide one single document bearing my signature that shows consent, nor has he provided an email correspondence showing consent. No such documents exist as there was NEVER consent given.

Mr. Olson goes on to state in his declaration "On June 23, 2014, I sought an extension of one additional week to answer the Complaint and attempted to obtain Plaintiff's consent."(Olsen Dec. 16) "I attempted to contact Plaintiff by telephone, but was unsuccessful." (Olson Dec. 17) "On June 23, 2014, Equifax filed a motion for extension of time to answer the Complaint and served a copy of the motion on Plaintiff." (Olson Dec. 18) What Mr. Olson does not state is that on that very day of June 23, 2014 Mr. Olson sent an email to the plaintiff at 12:35pm and Mr. Bailey sent a response to

Mr. Olson's email at 12:59pm (see Reply **Exhibit A**). This means Mr. Olson was in fact able to contact Mr. Bailey and was in fact in contact with him on the very day he states he was not able to contact him. This is in addition to the other days noted in Mr. Bailey's original Motion to Strike.

Furthermore Mr. Olson has not provided one single shred of evidence showing a failed attempt to contact Mr. Bailey at any time. He has not provided a call log showing these purported attempts nor has he shown an un-responded to email. He has also failed to provide a postage receipt of any kind showing the mailing of his First Motion for an Extension of Time. This is the very definition of perjury.

18 USC §1621:

> Whoever—
> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
> (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

18 USC §1001:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

18 USC §1623:

> (a) Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.

## ARGUMENT

When confronted with undeniable proof he (Mr. Brian Olson) lied in a filing, he's now stating he in fact did talk to Mr. Bailey (which is evident by the emails and phone call log provided by Mr. Bailey in his original Motion to Strike) but during this conversation gained "consent" for his Motion for an Extension of Time. Mr. Bailey

NEVER gave consent to any motion. Secondly, if this were the case why did Mr. Olson, not reference this “consent” in either of his filings? The fact he is now admitting he was in fact able to contact Mr. Bailey, and did shows he LIED in his 2 (two) Motion for Extensions of Time filings.

Mr. Olson and his firm also now argue this attempt to address perjury is somehow “frivolous”. Our system of justice is based on honesty and integrity. Without these core principals we have chaos. Attorney's are also held to a higher standard because they are the stewards of the legal system. To allow them to lie in filings with no penalty is unconscionable.

Lastly, Mr. Bailey is in possession of indisputable evidence showing Mr. Olson, not only lied in the 2 (two) Motion for Extension of Time filings but also, that he out right LIED in his declaration. If this Court has any doubt these statements amount to perjury Mr. Bailey is requesting a hearing on this issue where he would like to question Mr. Olson, under oath and use this evidence to impeach all statements made to this point. This will also show Mr. Olson's actions have now become criminal in nature with his continuing to knowingly file false documents, and knowingly making false statements to the Court.

## CONCLUSION

Mr. Olson's statements and declarations have exposed serious ethical issues with regards to him acting as an attorney before this Court. This type of willful behavior

can NOT be tolerated and must be dealt with in the most severe manner. The precedent set if this Court fails to do would send chills through the heart of our judicial system. Mr. Olson has clearly thrown out the Cannons of Ethics by which his profession is built. It also appears he will do or say anything to gain the upper hand and/or to avoid the repercussions of his actions. The fact Mr. Olson now admits he was in fact able to contact Mr. Bailey and even provides documents showing Mr. Bailey's attempts to reach him that were unsuccessful shows a lack of a moral compass. This type of behavior must not be allowed and has no place in our system of justice.

Mr. Olson ironically cites *RES-GA Cobblestone, LLC v. Blake Const. And Development, LLC,* 718 F.3d 1308, 1314-15 (11th Cir. 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)) which gives this Court broad powers to award sanctions for a litigants bad-faith actions. One can **not** reasonably conclude Mr. Olson's actions were in good-faith. Mr. Olson is also relaying on the lack of similar attorney misconduct to imply this Court does not have the authority to take action. This could not be further from the truth. This Court is uniquely tasked with ensuring our judicial standard is upheld and precedent is made by the decisions it deems fit to render. This Court must use that power to enforce the rules and laws already in place even while potentially setting the bar for what is unacceptable within our judicial system for future cases.

WHEREFORE, the plaintiff prays upon this Court to:

1. GRANT this Motion to Strike Defendant Equifax's Information Services, Inc. Answer; and/or
2. GRANT the Plaintiff Summery Judgement for the egregious and perjurious actions of Mr. Olson against Defendant Equifax; and/or
3. Rescind this Courts previous Order granting an Extension of Time to File an Answer; and/or
4. Sanction Mr. Brian Olson; and/or
5. Report Mr. Brian Olson's actions to the State Bar of Georgia for review; and/or
6. Order a Criminal investigation into the perjury allegations; and/or
7. DENY the Defendant's Motion for costs and attorney's fees;

   OR

8. Order a hearing on this matter, where Mr. Bailey can subpoena and question Mr. Olson under oath and present rebuttal and indisputable evidence of Mr. Olson's perjurious statements.

Respectfully submitted this 31st day of July, 2014.

______________________________

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| BATASKI BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 1:14-cv-0797-CC |
| | ) | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this date served a copy of the foregoing **REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER** upon the following individuals, in the aforesaid action. I have deposited a copy of same via email, and in the United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Brian Olson
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
404.572.4600
bjolson@kslaw.com

Alyson Blatney
Strasbuger & Price
Suite 600
2801 Network Boulevard
Frisco, TX 75034

Alex M. Barfield
Suite 4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
404.614.7400
abarfield@hptylaw.com

Saira Draper Esq.
Jones Day
1420 Peachtree Street, NE Suite 800
Atlanta, GA 30309-3053
404.581.8337
sdraper@jonesday.com

Respectfully submitted this 31st day of July, 2014.

______________________________
Bataski Bailey ***Pro Se***
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

# RE: postpone Monday meeting/ Bailey v. Equifax, Experian, TU

From: **Bataski Bailey** (bataskib@hotmail.com)
Sent: Mon 6/23/14 12:59 PM
To: Saira Draper (sdraper@jonesday.com); Olson, Brian (bjolson@kslaw.com); 'Blatney, Alyson' (alyson.blatney@strasburger.com)
Cc: ABarfield@hptylaw.com (abarfield@hptylaw.com); Natalie A Williams (nwilliams@jonesday.com)

I'm available on Wednesday @ 2. The rest of my week has been booked solid. Unless you all want to shoot for today after 3?

Bataski

> Subject: RE: postpone Monday meeting/ Bailey v. Equifax, Experian, TU
> To: BJOlson@KSLAW.com; Alyson.Blatney@strasburger.com; bataskib@hotmail.com
> CC: ABarfield@hptylaw.com; nwilliams@jonesday.com
> From: sdraper@jonesday.com
> Date: Mon, 23 Jun 2014 12:40:18 -0400
>
>
> Please include my colleague Natalie Williams in these discussions.
>
> Saira Draper
> Associate
> JONES DAY® - One Firm Worldwide℠
> 1420 Peachtree Street, NE, Suite 800
> Atlanta, GA 30309
> Office +1.404.581.8337
>
> ***This e-mail (including any attachments) may contain information that is
> private, confidential, or protected by attorney-client or other privilege.
> If you received this e-mail in error, please delete it from your system
> without copying it and notify sender by reply e-mail, so that our records
> can be corrected.***
>
> -------- Original Message --------
>
> From : "Olson, Brian" <BJOlson@KSLAW.com>
> To : "'Blatney, Alyson'" <Alyson.Blatney@strasburger.com>, Bataski
> Bailey <bataskib@hotmail.com>
> Cc : "sdraper@jonesday.com" <sdraper@jonesday.com>,
> "ABarfield@hptylaw.com" <ABarfield@hptylaw.com>
> Sent on : 06/23 12:35:08 PM EDT
> Subject : RE: postpone Monday meeting/ Bailey v. Equifax, Experian, TU
>

>
>
> Tomorrow afternoon, all Wednesday, most of Thursday until about 1 (and even
> after that if you don't mind airport noise), and afternoon on Friday. I'm
> on vacation after that.
>
>
>
> Thanks,
>
>
>
> From: Blatney, Alyson [mailto:Alyson.Blatney@strasburger.com]
> Sent: Monday, June 23, 2014 12:09 PM
> To: Bataski Bailey
> Cc: Olson, Brian; sdraper@jonesday.com; ABarfield@hptylaw.com
> Subject: RE: postpone Monday meeting/ Bailey v. Equifax, Experian, TU
>
>
>
> Per the Court's Order, we need to file out Joint Preliminary Report and
> Discovery Plan within 14 days from today. When are you all available for
> the 26(f) conference?
>
>
>
> Alyson Blatney • Strasburger & Price, LLP
>
> 2801 Network Boulevard • Suite 600 • Frisco, TX 75034
>
> 469.287.3964 • 469.305.4295 fax • www.strasburger.com
>
>
>
> From: Blatney, Alyson
> Sent: Monday, June 16, 2014 10:09 AM
> To: 'Bataski Bailey'
> Cc: Olson, Brian; sdraper@jonesday.com; ABarfield@hptylaw.com
> Subject: RE: postpone Monday meeting/ Bailey v. Equifax, Experian, TU
>
>
>
> Of the dates proposed below, I am available June 19th, 23rd, and 25th.
>
>
>
> Alyson Blatney • Strasburger & Price, LLP
>
> 2801 Network Boulevard • Suite 600 • Frisco, TX 75034
>

> 469.287.3964 • 469.305.4295 fax • www.strasburger.com
>
>
>
> From: Bataski Bailey [mailto:bataskib@hotmail.com]
> Sent: Thursday, June 12, 2014 11:03 AM
> To: Blatney, Alyson
> Cc: Olson, Brian; sdraper@jonesday.com; ABarfield@hptylaw.com
> Subject: Re: postpone Monday meeting/ Bailey v. Equifax, Experian, TU
>
>
>
> I'm available June 16,19,23,25.
>
>
>
> Bataski
>
> Sent from my iPhone
>
>
> On Jun 11, 2014, at 6:01 PM, "Blatney, Alyson" <
> Alyson.Blatney@strasburger.com> wrote:
>
> Did we pick a date for the 26(f) Conference?
>
>
>
> Alyson Blatney • Strasburger & Price, LLP
>
> 2801 Network Boulevard • Suite 600 • Frisco, TX 75034
>
> 469.287.3964 • 469.305.4295 fax • www.strasburger.com
>
>
>
> From: Olson, Brian [mailto:BJOlson@KSLAW.com]
> Sent: Saturday, May 31, 2014 1:31 PM
> To: 'sdraper@jonesday.com'; 'ABarfield@hptylaw.com'; Blatney, Alyson; '
> bataskib@hotmail.com'
> Subject: Re: postpone Monday meeting/ Bailey v. Equifax, Experian, TU
>
>
>
> Thanks Saira,
>
>
> From: Saira Draper [mailto:sdraper@jonesday.com]
> Sent: Saturday, May 31, 2014 10:56 AM Eastern Standard Time
> To: Olson, Brian; ABarfield@hptylaw.com <ABarfield@hptylaw.com>;

> Alyson.Blatney@strasburger.com <Alyson.Blatney@strasburger.com>, Bataski
> Bailey <bataskib@hotmail.com>
> Subject: postpone Monday meeting/ Bailey v. Equifax, Experian, TU
>
>
> Hi all,
>
> Since we cannot reach a consensus about meeting on Monday, and since we
> need to have all parties present for the 26(f) conference, let's cancel the
> meeting this Monday.
>
> Brian, after Equifax makes its appearance in the case, will you circulate
> some proposed times for the meeting?
>
> Mr. Bailey, I know you are traveling this weekend, but kindly acknowledge
> receipt of this message at your earliest convenience.
>
> Thanks, and have a nice weekend,
> Saira
>
>
> Saira Draper
> Associate
> JONES DAY® - One Firm Worldwide℠
> 1420 Peachtree Street, NE, Suite 800
> Atlanta, GA 30309
> Office +01.404.581.8337
>
>
> ==========
> This e-mail (including any attachments) may contain information that is
> private, confidential, or protected by attorney-client or other privilege.
> If you received this e-mail in error, please delete it from your system
> without copying it and notify sender by reply e-mail, so that our records
> can be corrected.
> ==========
>
>
>
>
>
> King & Spalding Confidentiality Notice:
>
> This message is being sent by or on behalf of a lawyer. It is intended
> exclusively for the individual or entity to which it is addressed. This
> communication may contain information that is proprietary, privileged or
> confidential or otherwise legally exempt from disclosure. If you are not
> the named addressee, you are not authorized to read, print, retain, copy or
> disseminate this message or any part of it. If you have received this
> message in error, please notify the sender immediately by e-mail and delete

> all copies of the message.
>
>
> This email message and any attachments are confidential and may be
> privileged. If you are not the intended recipient, please notify
> Strasburger & Price, LLP immediately -- by replying to this message or by
> sending an email to postmaster@strasburger.com -- and destroy all copies of
> this message and any attachments. Thank you.