IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BATASKI BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:14-cv-0797-TWT-JCF |
| EQUIFAX CREDIT INFORMATION | ) | |
| SERVICES, INC., EXPERIAN | ) | |
| SOLUTIONS, INC., TRANS UNION LLC | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' JOINT MOTION AND BRIEF IN SUPPORT OF MOTION
FOR SANCTIONS OR, IN THE ALTERNATIVE, TO COMPEL
PLAINTIFF TO RESPOND TO DEFENDANTS' INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants, Equifax Information Services LLC ("Equifax"), Experian

Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"),

(collectively "Defendants"), respectfully move the Court to dismiss this case

pursuant to Rule 37 of the Federal Rules of Civil Procedure due to Plaintiff's

failure comply with the Court's prior Order on discovery and serve timely,

complete responses to Defendants' Interrogatories and Requests for Production of

Documents. Alternatively, the Court should compel Plaintiff to provide full and

complete responses, without objections.   Defendants are also entitled to their reasonable expenses for having to prepare this motion.

## INTRODUCTION

Plaintiff *pro se* Bataski Bailey alleges four separate causes of action against Experian, Equifax, and Trans Union.  (Doc. 1.)  These causes of action include alleged negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., for allegedly failing to report information pertaining to plaintiff with the maximum possible accuracy and or as otherwise required by law, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.  (*Id*., ¶¶ 45, 49, 53, 55.)

Plaintiff, however, has stubbornly refused to properly respond to written discovery, despite a Court Order on August 22, 2014 that he do so.  (Doc. 55.) Based on his blatant violation of the Order, Defendants respectfully request that the Court enter a sanction of dismissal of the Complaint pursuant to Fed. R. Civ. P. 37.

In the alternative, Defendants move the Court to compel Plaintiff to provide full and complete responses to Defendants' Interrogatories and Requests for Production of Documents.  To date, Plaintiff has balked at providing even the most basic information to enable Defendants to evaluate his claims, including

identifying the accounts he claims are inaccurate or providing his current employment or income for damages assessments.

Because Defendants need this information to adequately prepare their defenses, Defendants move this Court, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, to compel Plaintiff to provide adequate responses to Experian's Interrogatories 2-27, Equifax's Interrogatories 2-6 and 8-18, and Trans Union's Interrogatories 2-16 and 18. Further, Defendants request that the Court order Plaintiff to respond to each of the Defendant's Request for Production of Documents in their entirety, since to date, Plaintiff has not produced a single responsive document through formal discovery. Finally, Defendants request that this Court order Plaintiff to pay the reasonable expenses incurred in the making this Motion, including attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   DEFENDANTS' DISCOVERY REQUESTS

Plaintiff filed this lawsuit on or about March 19, 2014, alleging negligent and willful violations of the FCRA, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. (Doc. 1.)  This Court entered a Scheduling and Discovery Order on July 10, 2014.  (Doc. 24.)  Per the

Scheduling and Discovery Order, the discovery period for this matter ends on October 14, 2014.  (*Id*.)

On June 25, 2014, Equifax served Requests for Admissions, Requests for Production for Documents, and Interrogatories to Plaintiff Bataski Bailey, via first class U.S. Mail.  (*See* Exs. 1 - 3; Doc. 35.)  On July 10, 2014, Trans Union served its First Set of Interrogatories and First Request for Production to Plaintiff  via electronic mail and first class U.S. Mail.  (*See* Exs. 4 - 5; Doc. 30.)  On July 15, 2014, Experian served its First Set of Interrogatories and First Request for Production to Plaintiff via electronic mail and first class U.S. Mail.  (*See* Exs. 6 - 7; Doc. 32.)

## II.   PLAINTIFF'S   FAILURE   TO   TIMELY   AND   ADEQUATELY RESPOND TO DISCOVERY OR COMPLY WITH THE COURT'S ORDER

Pursuant to Rule 33(b)(2) and Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff, as the responding party, had thirty (30) days to respond to Defendants' discovery requests, plus an additional three (3) days pursuant to Rule 6(d) of the Federal Rules of Civil Procedure because the discovery requests were served by first class U.S. Mail and email.   Plaintiff's responses were due to Equifax, Trans Union and Experian, at the latest, on July 28, 2014, August 12, 2014, and August 18, 2014, respectively.  Plaintiff did not serve timely responses

and at no time did Plaintiff request an extension to respond from the Defendants. (Ex. 8, Declaration of Brian Olson, (hereafter "Olson Dec., ¶ ___") ¶ 4.)

On August 13, 2014, counsel for Equifax sent Plaintiff a letter reminding him that his responses to Equifax's discovery requests were past due.  (*Id.*, ¶ 5.) Equifax informed Plaintiff that discovery responses should be provided no later than August 18, 2014 or Equifax would seek a motion compelling the responses. (*Id.*, ¶ 6, Ex. A.)  Plaintiff failed to acknowledge or respond to this communication and failed to serve his discovery responses by August 18, 2014.  (*Id.*, ¶ 7.)

On August 20, 2014, the Court held a telephone conference with the parties to address various discovery issues. (Doc. 55.)  The Court instructed Plaintiff to serve his already-late responses to Defendants' discovery requests by close of business on Friday, August 22, 2104. (*Id.*)  Because Plaintiff's deposition was scheduled for August 27, 2014, the Court further instructed Defendants to inform the Court on Monday, August 25, if Plaintiff's discovery responses were deficient. (*Id.*)

Plaintiff did not serve responses to Defendants' Interrogatories or Request for Production of Documents by the Court ordered deadline.  (Olson Dec., ¶ 8.) Instead, at 4:58 pm on Friday, August 22, 2014, he sent an email informing Defendants that he was still in the process of arranging the requested documents.

(*Id*., ¶ 9, Ex. B.)  Plaintiff's email made no mention of the Interrogatories.  (*Id*., ¶ 10.)  Plaintiff stated he would send the requested documents in several emails and he would work all weekend to ensure "all material responsive to the requested production is completed prior to Monday, August 25, 2014."  (*Id*., ¶ 11, Ex. B.)  He attached three documents to the email which he said were "the first round of requested documents."  (*Id*., ¶ 12.)  The three documents were consumer credit disclosures from each of the Defendants, two of which were dated August 9, 2010, and one dated June 7, 2010, and are not responsive to Defendants' document requests.  (*Id*., ¶ 13.)  To date, Plaintiff has not produced any additional documents in response to Defendants' document requests.  (*Id*., ¶ 14.)

On Sunday, August 24, 2014, Plaintiff sent an email to Defendants and attached his responses to Equifax's and Trans Union's Discovery.  (*Id*., ¶ 15, Exs. C, D, and E.)  Plaintiff did not answer, or provided an inadequate answer, to almost every interrogatory (*see, e.g.*, Equifax's Interrogatories 2- 6, and 8-18 and Trans Union's Interrogatories 2- 6, 8-16, and 18).  (*Id*., Exs. D and E.)  Plaintiff provided one blanket objection to all of Equifax's and Trans Union's Requests for Production and did not produce any documents.  (*Id*.)

Also on Sunday, August 24, 2014, Plaintiff informed Experian by email that he did not have a copy of Experian's Interrogatories.  (*Id*., ¶ 16, Ex. F.)  Counsel

for Experian forwarded to Plaintiff the email from July 15, 2014, in which Experian originally sent its discovery requests to Plaintiff.  (*Id.*, ¶ 17, Ex. G.) Upon receiving the email with discovery requests from Experian, it took Plaintiff less than four hours to respond. (*Id.*, ¶ 18, Ex. H and I.)  Plaintiff refused to answer all but one of Experian's interrogatories (*see*  Experian's Interrogatories 2-28). (*Id.*, Ex. I.)  His objections to interrogatories 9-28 were exactly the same.  (*Id.*.) Plaintiff objected to all of Experian's Requests for Documents and did not produce any documents.  (*Id.*.)

## III.  DEFENDANTS' ATTEMPTS TO MEET AND CONFER WITH PLAINTIFF

Upon reviewing Plaintiff's discovery responses, Defendants agreed the responses were both late and severely deficient.  (*Id.*, ¶ 19.)  To comply with this Court's August 20, 2014 Minute Entry instructions (Doc. 55), counsel for Trans Union informed the Court of such on the morning of August 25, 2014.  (*Id.*, ¶ 20.) Shortly thereafter, the Court scheduled a conference with the parties for August 26, 2014 at 10:00 am.  (Olson Dec., ¶ 21.)  Plaintiff, however, informed the Court he was not available at that time or day.  (*Id.*)  Due to Plaintiff's unavailability, the Court cancelled the telephone conference scheduled for August 26, 2014, and rescheduled plaintiff's deposition that had been scheduled for August 27, 2014. (August 25, 2014 Minute Entry.)  On August 25, 2014, the Court also entered a

Minute Entry directing Defendants to "file any motions to compel related to Plaintiff's discovery responses." (*Id.*)

On August 27, 2014, Defendants sent Plaintiff a joint letter regarding the inadequacy of his discovery responses.  (Olson Dec., ¶ 22, Ex. J.)  Defendants informed Plaintiff that because his responses to Defendants' discovery requests were untimely, his objections were waived.  (*Id*.)  Defendants further informed Plaintiff that if he did not serve full and complete responses to Defendants' respective Interrogatories and Requests for Production of Documents - without objections - by September 1, 2014, Defendants would file a motion to compel and seek sanctions, including dismissal of this case.  (*Id*.)

On September 3, 2014 Defendants contacted Plaintiff in order to conduct a good faith meet and confer regarding Plaintiff's deficient discovery responses. (*Id*., ¶ 23.)  Plaintiff however, refused to revise or supplement his responses to Defendants' discovery requests.  (*Id*., ¶ 24.)

## ARGUMENT AND CITATION OF AUTHORITIES

**I.   THIS CASE SHOULD BE DISMISSED AS A SANCTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b).**

Rule 37(b)(2) of the Federal Rules of Civil Procedure states, in pertinent part:

(A) *For Not Obeying a Discovery Order*:  If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Thus, the Court may dismiss an action if a party willfully ignores a court order and fails to serve responses to written discovery.  *See* Fed. R. Civ. P. 37(d); *Kelly v. Old Dominion Freight Line, Inc.*, 2010 WL 1676772, at *3 (11th Cir. April 27, 2010)(affirming order dismissing case based on plaintiff's willful discovery violations including failure to respond to written discovery and to participate in telephone conference with the Court to resolve discovery issues); *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala*., 126 F.3d 1314, 1318 (11th Cir.

1997) (holding that dismissal as a sanction is valid where preceded by an order of the court compelling discovery.)

Dismissal is an appropriate sanction "when a plaintiff's recalcitrance is due to willfulness, bad faith, or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (finding no abuse of discretion in dismissal where plaintiffs failed to attend court-ordered depositions), *citing National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976).   The Eleventh Circuit has approved dismissal where "a party demonstrates a flagrant disregard for the court and the discovery process." *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) (finding dismissal an appropriate sanction where lesser sanctions would not be effective).

Here, it is undisputed that Plaintiff has shown a disregard for this Court and the discovery process.  He failed to respond to Defendants' discovery requests and effectively gave the Court no other recourse but to cancel his deposition after he ignored the Court's order requiring him to properly respond to Defendants' discovery requests by August 25, 2014, two days prior to the date the Court ordered for Plaintiff to appear for his deposition.   By not responding to Defendants' discovery, Plaintiff has shown his gamesmanship in effecting the delay of his deposition and depriving Defendants of information necessary to defend themselves against Plaintiff's claims.  This gamesmanship comes on the

heels of an already long line of strategies perpetrated by Plaintiff including propounding deficient Initial Disclosures that are not in accordance with the Federal Rules, and improperly noticing Defendants' 30b(6) witnesses. The Court should not continue to tolerate these tactics.

In fact, Plaintiff's failure to participate in discovery rises to the level of "willfulness, bad faith, and fault." Simply put, Plaintiff refuses to cooperate in discovery. He failed to timely respond to Defendants' discovery requests after the Court ordered him to do so and, when he did, the responses were completely inadequate. At this point, Plaintiff's recalcitrance is also jeopardizing the September 15, 2014 date set by the Court for his deposition. Defendants' counsel have been diligent in their efforts to communicate with Plaintiff regarding discovery. Plaintiff, however, refuses to provide adequate responses to the Interrogatories and Request for Production of Documents, without objections. Plaintiff's actions are clearly in bad faith and have caused unnecessary delay and prejudice to Defendant. It is clear that Plaintiff's actions are purely designed to harass Defendants and the Court should not reward such behavior, but should instead dismiss his meritless claims.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD ENTER AN ORDER COMPELLING PLAINTIFF TO RESPOND TO DEFENDANTS' DISCOVERY REQUESTS AND PRODUCE ALL RESPONSIVE DOCUMENTS AND ANSWERS BY SEPTEMBER 11, 2014.

Fed. R. Civ. P. 26 permits Defendants to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Fed. R. Civ. P. 26(b)(1).  Plaintiff is obligated under the Federal Rules to respond to Defendants' Interrogatories and Requests for Production within thirty days of service.  Fed. R. Civ. P. 33 and 34.  Fed. R. Civ. P. 37 provides this Court with the means and authority to enforce compliance with the rules of discovery through the imposition of orders and sanctions.  Thus, where a party chooses to provide evasive and incomplete responses pursuant to an interrogatory or a request for documents, this Court may enter an order compelling a proper response, and award attorneys' fees to the discovering party on the basis of the responding party's conduct.

In this case, an Order to Compel is especially appropriate in light of Plaintiff's refusal to comply with Fed. R. Civ. P. 26's discovery provisions by proffering severely deficient and evasive answers to Defendants' Interrogatories and his refusal to produce a single document responsive to Defendants' Requests

for Production.  Plaintiff's severely deficient and tardy responses came only after the Court's August 20, 2014 instruction to Plaintiff to comply with his discovery obligations by close of business on August 22, 2014.  Remarkably, Plaintiff even violated the Court's instruction, failing to produce interrogatory responses until days after the court-imposed deadline.

Even after taking the additional time, Plaintiff's responses were blatantly lacking in substance.  He made blanket objections to all of Defendants' Requests for Production, and made objections to the interrogatories that were totally inapplicable (*e.g.,* grounds of work-product doctrine and attorney-client privilege). Additionally, Plaintiff failed to deliver on his promise to provide the requested documents.   Defendants, still in need of adequate discovery to prepare for Plaintiff's deposition, gave  Plaintiff an additional opportunity to supplement his responses by extending his deadline until September 1, 2014.  Plaintiff refused to so much as respond to Defendants correspondence on this point.

Such blatant refusal to cooperate, particularly in light of the Court's direct instruction, constitutes an abuse of discovery and warrants an Order compelling Plaintiff to respond.  *See, e.g.*, *Strong v. Brevard Achievement Center*, 2010 WL 2136437, at *5 (N.D. Fla. March 29, 2010) (finding an award of monetary sanctions for failure to cooperate in discovery justified because of the time

13

wasted); *Mikhlyn v. Bove*, No. 08–CV–03367, 2011 WL 4529619, at *5 (E.D.N.Y. Aug. 3, 2011) (finding failure to respond to communications of opposing counsel and failure to timely respond to discovery requests hindered the progress of the case and constituted a pattern of evasive discovery behavior and abuses in violation of Rule 37); *Lockhart v. Sullivan*, 925 F.2d 214 (7th Cir. 1991) (dismissing for failure to attend own deposition or discovery conference without notifying opposing counsel or court and failure to cooperate with discovery); *U.S. v. Bullard*, No. 3-89-0935-H, 1989 WL 146670, at *1 (N.D. TX. July 3, 1989) (finding that defendant demonstrated willful abuse of the discovery process for failing to respond to plaintiff's discovery or notify the court of his change of address).   No valid justification exists for Plaintiff's failure to comply with his discovery obligations.   While Defendants have repeatedly acted in good faith, Plaintiff has behaved with indifference and a blatant disregard for his obligations and the Court's instructions.   In sum, Plaintiff has simply elected to avoid providing any substantive information to Defendants.   Accordingly, Defendants respectfully request that the Court order Plaintiff to fully respond to Defendants' Discovery Requests by September 11, 2014, so that Defendants have adequate time to prepare for Plaintiff's deposition, currently scheduled for September 15, 2014.

## III.  DEFENDANTS ARE ENTITLED TO REASONABLE EXPENSES AND FEES INCURRED IN BRINGING THIS MOTION.

"If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see Morgan v. St. Lawrence*, 2008 WL 2156356, at *2 (S.D. Ga. May 22, 2008) (dismissing case and awarding fees for discovery abuses); *see also Ogletree v. Keebler Co., Inc.*, 78 F.R.D. 661, 662 (N.D. Ga. 1978) (assessing costs to defendant where plaintiff failed to give reasonable notice of deposition cancellations).  Defendants respectfully request the Court to award the fees and expenses they incurred in bringing the instant Motion.

## <u>CONCLUSION</u>

WHEREFORE, for each of the foregoing reasons, Defendants respectfully move this Court to enter an Order granting Defendants' Motion, and  dismissing this case pursuant to Rule 37 of the Federal Rules of Civil Procedure.  In the alternative, Defendants respectfully move this Court to enter an Order granting Defendants' Motion and requiring  (i) Plaintiff to provide adequate responses to Experian's Interrogatories 2-27; Equifax's Interrogatories 2-6 and 8-18; and Trans

Union's Interrogatories 2-16 and 18, and (ii) Plaintiff to produce all relevant documents, or risk the striking of his pleadings.  Finally, Defendants request this Court to order Plaintiff to pay the Defendants reasonable expenses incurred in making this Motion, including attorneys' fees, pursuant to   FED. R. CIV. P. 37(a)(5)(A).

Respectfully submitted this 3rd day of September, 2014.

*/s/ Saira Draper*
**Saira Draper**
sdraper@jonesday.com
**Natalie Williams**
nwilliams@jonesday.com
Jones Day
1420 Peachtree Street, NE. Suite 800
Atlanta, GA 30309-3053
(404) 581-8337
***Counsel for Experian Information Solutions, Inc.***

*/s/ Alyson V. Blatney*
**Alyson V. Blatney** (admitted pro hac vice)
alyson.blatney@strasburger.com
Texas Bar No. 24066249
Strausburger & Price, LLP
2801 Network Boulevard, Suite 600
Frisco, TX  75034
Telephone: (469) 287-3964
**Alex Barfield**
abarfield@hplegal.com
Hawkins Parnell Thackston & Young, LLP

16

4000 SunTrust Plaza, 303 Peachtree St, NE
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
***Counsel For Trans Union LLC***

and

*/s/ Brian J. Olson*

**Brian J. Olson**
bjolson@kslaw.com
King & Spalding
1180 Peachtree Street, N.E., 40th Floor
Atlanta, GA 30309-3521
(404) 215-5806
***Counsel for Equifax Information Services
LLC***

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant Defendants have conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so. Defendants' efforts to confer with Plaintiff are detailed in the written correspondence by email and first class U.S. Mail of August  27, 2014. (*see* Ex. 9.)  The parties also conferred by telephone on September 3, 2014, but were unable to resolve the issues.  Given the approaching deposition date of September 15, 2014 and the approaching discovery deadline of October 14, 2014 (*see* Doc. 24), Defendants are required to bring this Motion to Compel at this time.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

**Alyson V. Blatney** *(via CM/EFC Notification)*
alyson.blatney@strasburger.com
Strasburger & Price, LLP
2801 Network Boulevard, Suite 600
Frisco, TX  75034
(469) 287-3964
**Alex Barfield** *(via CM/EFC Notification)*
abarfield@hplegal.com
Hawkins Parnell Thackston & Young, LLP
4000 SunTrust Plaza, 303 Peachtree St, NE
Atlanta, GA 30308-3243
(404) 614-7400
***Counsel for Trans Union LLC***

**Brian J. Olson** *(via CM/EFC Notification)*
bjolson@kslaw.com
King & Spalding
1180 Peachtree Street, N.E., 40th Floor
Atlanta, GA 30309-3521
(404) 215-5806
***Counsel for Equifax Information Services, LLC***

I further certify that I will cause a copy of the foregoing Motion and corresponding NEF by electronic mail on the following non-filing user:

Bataski Bailey *(Via US. Mail and email)*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
Telephone: (404) 933-9014
***Pro Se Plaintiff***

*/s/ Saira Draper*
**Saira Draper**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BATASKI BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:14-cv-0797-TWT-JCF |
| EQUIFAX CREDIT INFORMATION | ) | |
| SERVICES, INC., EXPERIAN | ) | |
| SOLUTIONS, INC., TRANS UNION LLC | ) | |
| | ) | |
| Defendants. | | |

## ORDER

THIS MATTER is before the Court on Defendants' Joint Motion for Sanctions Or, In The Alternative, To Compel Plaintiff To Respond To Defendants' Interrogatories And Requests For Production Of Documents.  Defendants' motion is HEREBY GRANTED.  This case is hereby dismissed as to all Defendants.  In the alternative to dismissal Plaintiff is directed to produce complete responses to Defendants' Interrogatories and Requests for Production, without objections, by September 11, 2014.  Plaintiff shall pay Defendants the amount of reasonable expenses and fees incurred in bringing this Motion.  Defendants are instructed to submit to the Court within fourteen (14) days a declaration setting forth the amount of its expenses and fees incurred in bringing this Motion.

it is SO ORDERED.

_____

    Thomas W. Thrash
    United States District Judge