IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE |
| v. : | NO.: 1:14-CV-797-TWT-JCF |
| : | |
| EQUIFAX CREDIT INFORMATION : | |
| SERVICES, INC., EXPERIAN : | |
| SOLUTIONS, INC., AND TRANS : | |
| UNION, LLC : | |
| : | |
| Defendants. : | |

# ORDER

This matter is before the Court on Defendants' Joint Motion For Sanctions Or To Compel (Doc. 73). Plaintiff's deposition is currently set for Monday September 15, 2014. During an August 20, 2014 teleconference, Defendants expressed their dissatisfaction with Plaintiff being late with his responses to written discovery. (*See* Minute Entry, August 20, 2014). The Court ordered Plaintiff, who indicated he was close to being finished with his responses, to respond to the discovery requests by August 22, 2014. (*Id.*). After Defendants reported that they still found the responses deficient, the Court tried to schedule a teleconference, but learned Plaintiff could not be available. Plaintiff's deposition which had been set for August 27, 2014 was rescheduled for September 15, 2014, and a briefing schedule set for Defendants' forthcoming motion to compel. (Minute Entry,

1

August 25, 2014). Defendants asked for, and were granted, permission to file a joint brief concerning the alleged shortcomings of Plaintiff's responses. (*See* Doc. 72 *granted by* Minute Entry, September 3, 2014). Plaintiff timely filed his response on September 9, 2014. (Doc. 76).

Upon review of Defendants' brief (Doc. 73) it is apparent that despite seeking to compel more complete responses to discovery, it is not in compliance with Local Rule 37.1(a), NDGa, which governs the form of a motion to compel. That rule provides:

**LR 37.1 MOTIONS TO COMPEL A DISCLOSURE OR DISCOVERY**
**A. Form.** A motion to compel a disclosure under LR 26.1 or to compel a response to discovery conducted pursuant to the Federal Rules of Civil Procedure shall:
**(1)** Include the certification of counsel with regard to the duty to confer required by Fed.R.Civ.P. 37(a)(2)(A)(B);
**(2)** Quote verbatim each disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspection to which objection is taken;
**(3)** State the specific objection;
**(4)** State the grounds assigned for the objection (if not apparent from the objection); and
**(5)** Cite authority and include a discussion of the reasons assigned as supporting the motion.
   The motion shall be arranged so that the objection, grounds, authority, and supporting reasons follow the verbatim statement of each specific disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspection to which an objection is raised.

LR 37.1, NDGa. Critically, Defendants failed to comply with section (2) through (5).

Yet, while Defendants' motion is technically deficient, it is equally apparent from an initial review of the more than 200 pages of briefing and exhibits supplied by Defendants that Plaintiff's responses suffer from at least some of the infirmities identified by Defendants including the rampant use of unspecific, boilerplate objections and resulting refusals to answer.  Under the circumstances, the Court finds good cause to enter the following Order:

1) Defendants' Joint Motion For Sanctions Or To Compel (Doc. 73) is **DENIED without prejudice.**  To the extent Defendants wish to file a renewed motion in compliance with LR 37.1(a), it must be filed no later than September 26, 2014.  If Defendants need more than the previously allowed 60 pages to present their arguments in compliance with the Local Rules, they should file a motion for additional pages.  Plaintiff's response is due October 10, 2014.

2) Plaintiff's deposition, previously rescheduled for September 15, 2014, (*see* Minute Order of August 25, 2014) is hereby **CANCELLED.  The Court has earlier ruled that Plaintiff shall be deposed before Defendants' representatives.  Plaintiff shall not undertake any further efforts to depose Defendants' 30(b)(6) witnesses until after the Court rules on Defendants' Renewed Motion To Compel and Plaintiff's deposition is rescheduled.**

3) Discovery is hereby extended up through and including January 30, 2015.

4) As is consistent with the undersigned's practice, the parties were encouraged to contact the Court to request telephone conferences to work through discovery issues. In this case, that process is proving unmanageable. Going forward, should any of the parties wish to schedule a telephonic hearing regarding any issue, *a motion should be filed* which clearly states (1) the issue the party wishes to discuss; and (2) why the issue warrants discussion.

Finally, after having received requests from more than one party for a telephone conference, the Court reached out to the parties earlier today to try to schedule one but difficulties were encountered in reaching some of the parties. In light of this Order, no such conference will be held.

**IT IS SO ORDERED** this 11th day of September, 2014.

/s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge