ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 08 2014

JAMES N. HATTEN, Clerk
By: /s/ 
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* ) | |
| ) | CASE NO: 1:14-CV-0797-CC |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, INC., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| TRANS UNION LLC ) | |
| ) | |
| Defendant's. ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S JOINT MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

COMES NOW Plaintiff Bataski Bailey and files this Plaintiff's Response in Opposition to Defendant's Joint Motion to Compel Discovery and for Sanctions. The Plaintiff first responds to the Defendant's Motion to Compel by stating that despite the protestations and overwrought demands, that all of the reasonably relevant documents to which the Defendant's would be entitled under the Federal Rules of Civil Procedure have been produced or offered for production.

Despite the strident protestations of Defendant's counsel, the Plaintiff in this matter has not engaged in any willful conduct that would justify the relief requested. While the plaintiff concedes that discovery in this matter has not progressed as smoothly as either side would have anticipated, this is not solely the responsibility of Plaintiff. As

1

this Court is well aware the Plaintiff has attempted on at least 15 occasions thus far to secure a date for deposing the defendant's 30(b)(6) witnesses to no avail. This Court has also attempted to nail down a date to do these depositions also to no avail. The plaintiff has also traded at least 47 emails attempting to secure other discovery information and materials. The Plaintiff has on several occasions made himself available to be deposed. The defendant's chose to delay this deposition. In fact the Plaintiff has altered his schedule to the tune of 3 missed days at work to ensure he was available for this deposition as required by the Court. The defendant's even with this "new" Motion to Compel after being denied their first Motion to Compel simply recycled the entire motion even to include inaccurate information. On page 11 of this "new" Motion to Compel the defendant's state a September 15, 2014 deposition of Mr. Bailey is "in jeopardy" when clearly we have not only passed that date but they also fail to mention this Court and NOT Mr. Bailey delayed that deposition. For Mr. Bailey to now be held accountable for that delay when he on several occasions emphasized he was ready and prepared for the deposition to go forward on that day is not only inappropriate but also highly prejudicial. This recycling of an old motion shows the defendant's themselves are not taking these proceedings seriously and are not accurately depicting the ways in which Mr. Bailey has in fact complied with discovery requirements as required in the Federal Rules of Civil Procedure. The defendant's appear to be using Mr. Bailey's *pro se* status to delay and harass by filing frivolous and extraordinarily lengthy motions hoping Mr. Bailey will become frustrated and abandon his claims.

## B. THE PLAINTIFF HAS COMPLIED WITH THE COURT'S AUGUST 25, 2014 TELEPHONE CONFERENCE DIRECTIVES.

Defendant's counsel alleges that Plaintiff has failed to comply with the Court's directives from the August 25, 2014 telephone conference. However, review of the Court's directions and Plaintiff's actual responses do not support Defendant's contentions. As noted by Defendant's Exhibit 10, 11, and 12 the Plaintiff did in fact comply. The Plaintiff provided his Responses and Objection in line with the Federal Rules of Civil Procedure as well as being identical to the manner in which the defendant's responded to the Plaintiff's requests for production and interrogatories as shown by Plaintiff's Exhibit #1.

The defendant's Motion to Compel is rife with hypocrisies as each of their responses to the Plaintiff's First Interrogatories to Defendant's are nearly identical in objections to the information requested, to the plaintiff's response to Defendant's First Interrogatories to Plaintiff. Plaintiff's Exhibit #1 is a copy of Experian's response to Plaintiff's First Interrogatories to Defendant's which shows they invoked very similar standard objections to the information requested. Both Equifax and Trans Union had nearly identical responses to their respective Interrogatories. To then say the Plaintiff has somehow acted improperly for simply invoking his objections in the same manner to the information requested is utterly ridiculous. The plaintiff also made it very clear in his responses that at any point he obtains information responsive to the plaintiff's requests he will without delay turn that information/documents over.

To add to the hypocrisy of the defendant's the Plaintiff severed upon all 3 defendant's on August 6, 2014 a Request for Production of Documents. As of today (September 9, 2014) only Equifax has complied as required by the FRCP. For the defendant's to say the Plaintiff is delaying discovery yet they are failing to respond as required again shows the lengths they will go to gain an advantage in this matter. The defendant's also fail to acknowledge they are in possession of key documents and information pertinent to this litigation as they control the record keeping and dissemination of information contained in Mr. Bailey's credit file and credit disclosure. Mr. Bailey has spent the better part of 3 months attempting to gain access to those documents related to the record keeping of Mr. Bailey's credit file yet they have refused to provide this information.

Courts have broad discretion to impose sanctions. This power derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases. *Flury v. Daimler Chrysler Corp.* 427 F.3d 939, 944 (2005); *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991). Accordingly, sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005); *see also Gratton v. Great American Communications,* 178 F.3d 1373, 1374 (11th Cir.1999). "A judge's decision as to whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation. At times the actions of

the individual or party involved may be judged over the course of time." *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996).

The federal courts are often confronted with a party's complaint that its opponent must have documents that it claims not to have. Such suspicion is, however, insufficient to warrant granting a motion to compel. *Alexander v. FBI*, 194 F.R.D. 305, 311 (D.D.C.2000). *See Bethea v. Comcast*, 218 F.R.D. 328 (D.D.C. 2003)

**WHEREFORE** the plaintiff pray's upon this Court to DENY the Defendant's Joint Motion to Compel and for Sanctions and ORDER the Defendant's to turn over the requested documents in Plaintiff's Request for Production of Documents.

Respectfully submitted this 8th day of October, 2014.

/s/ Bataski Bailey
BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* )<br>                                               )   CASE NO:  1:14-CV-0797-CC<br>                     Plaintiff,     )<br>                                               )<br>V.                                         )<br>                                               )<br>EQUIFAX INFORMATION      )<br>SERVICES, INC.,                      )<br>EXPERIAN INFORMATION  )<br>SOLUTIONS, INC.,                    )<br>TRANS UNION LLC                 )<br>                                               )<br>                     Defendant's.  ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S JOINT MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** upon the following individuals, in the aforesaid action. I have deposited a copy of same via email, and in the United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Brian Olson
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
404.572.4600
bjolson@kslaw.com

Alex M. Barfield
Suite 4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
404.614.7400
abarfield@hptylaw.com

Saira Draper Esq.
Jones Day
1420 Peachtree Street, NE Suite 800
Atlanta, GA 30309-3053
404.581.8337
sdraper@jonesday.com


Respectfully submitted this 8th day of October, 2014.

_____/s/ Bataski Bailey_____
   BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com