IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX CREDIT INFORMATION )<br>SERVICES, INC., EXPERIAN )<br>INFORMATION SOLUTIONS, INC., )<br>AND TRANS UNION LLC )<br>          Defendants. ) | CASE NO.<br>1:14-CV-00797-MHC-JCF |

**<u>DEFENDANTS' MOTION TO STAY AND MEMORANDUM IN SUPPORT</u>**

Defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") (collectively referred to as the "Defendants"), pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and LR 7.1, NDGa., jointly and respectfully move the Court to stay the instant matter pending the outcome of arbitration order by the Court in *Bailey v. Wells Fargo N.A.*, *et al*; 1:14-CV-0989-CC; U.S.D.C.; Northern District of Georgia (Atlanta Division) (the "Arbitration").

The outcome of the Arbitration will reveal whether Plaintiff is able to prove the essential element of claims against Defendants: inaccurate reporting of Plaintiff's Wells Fargo Dealer Services account no. 51769007xxxx (the "Wells Fargo Account") on Plaintiff's credit reports. Before Plaintiff can prove that Defendants are liable, he must first prove that the Wells Fargo Account was

inaccurately reporting. If Plaintiff is unable to prove inaccuracy of the Wells Fargo Account, there is no need to continue in the instant suit against Defendants because his claim fails as a matter of law.

## FACTUAL ALLEGATIONS AND BACKGROUND

The instant case ("CRA Matter") involves alleged claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Plaintiff was also the Plaintiff in another FCRA case ("Furnisher Matter") against Wells Fargo Bank, N.A. ("Wells Fargo") involving the same fact issues as the instant case. *See* Doc. 1, para. 40 (Complaint); Doc 1, para. 72 (Complaint in Cause No. 1:14-cv-00989, in the Northern District of Georgia, Atlanta Division).

Specifically, both cases involve a Wells Fargo automobile loan reported on Plaintiff's credit file. Plaintiff claims that Wells Fargo reported inaccurate information to the Defendants and Defendants inaccurately reported the same information to third parties. *See* Doc. 1, para. 40 (Complaint); Doc 1, para. 72 (Complaint in Cause No. 1:14-cv-00989, in the Northern District of Georgia, Atlanta Division). Whether the Wells Fargo Account is accurately reporting is the essential element of Plaintiff's liability claim against the Defendants in the CRA Matter and Wells Fargo in the Furnisher Matter.

Plaintiff first filed suit against Trans Union, Experian, and Equifax on March 19, 2014. Plaintiff then filed suit against Wells Fargo on April 3, 2014. On

October 2, 2014, the Court in the Furnisher Matter dismissed the case after compelling the matter to arbitration. (Doc. 20 (Order Compelling Arbitration and Dismissing Case in Cause No. 1:14-cv-00989, in the Northern District of Georgia, Atlanta Division)). On October 8, 2014, Plaintiff appealed the Order to Dismiss, but Plaintiff's appeal was dismissed for want of prosecution on November 11, 2014. (Doc. 25; Cause No. 1:14-cv-00989, in the Northern District of Georgia, Atlanta Division).

The following CRA Matter deadlines remain from this Court's July 10, 2014 Scheduling Order (Doc. 24) and the Court's September 11, 2104 Order (Doc. 80): Discovery Cutoff: January 30, 2015; Rebuttal Expert Witness Designations Due: December 31, 2014.

Given the number of approaching deadlines, the expense involved for the parties in duplicating discovery, and the risk of inconsistent results, Defendants ask the Court to stay the instant case until the completion of the Arbitration between Plaintiff and Wells Fargo.

## ARGUMENT AND AUTHORITIES

### A.     This Court has Authority to Stay Proceedings

This Court has inherent power to control its own docket. *See Trujillo v. Conover & Company Communications, Inc.* 211 F.3d 1262, 1264 (11th Cir. 2000). It follows then that "the power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (U.S. 1936). The decision to stay a case is within the court's discretion by weighing the competing interests. *See Landis*, 299 U.S. at 255; *see also Kansas City Southern Ry. v. United States*, 282 U.S. 760, 763; *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382. Trial courts have "broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1551-1552 (11th Cir. 1986). Neither the parties nor the issues have to be identical to warrant a stay. *Landis*, 299 U.S. at 254. "District courts have inherent, discretionary authority to issue stays in many circumstances." *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008).

### B. This Cause Should be Stayed Because Plaintiff and Wells Fargo are Better Positioned to Resolve the Accuracy Issue

The Defendants are seeking a stay of this cause until Wells Fargo and Plaintiff arbitrate the Wells Fargo Account at issue in both cases. Here, Plaintiff could have brought suit against Defendants and Wells Fargo in one lawsuit because the same issue is being decided. But, given that Plaintiff did not sue Wells Fargo and Defendants in one lawsuit, it makes sense for the issue of account accuracy to be determined between the creditor and consumer at the Arbitration.

*See Gauci v. Citi Mortgage*, 2012 U.S. Dist. LEXIS 60153 at *15 (C.D. Cal. Apr. 30, 2012) (holding when a consumer challenges the validity and accuracy of a credit account, proper recourse is to resolve the dispute with the furnisher). The furnisher, Wells Fargo, provides information to the CRAs for reporting on a credit file. *See Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353, 1357 (N.D. Ga. 2011). Since the information reported on Plaintiff's credit reports regarding the Wells Fargo Account comes directly from Wells Fargo, Wells Fargo and Plaintiff are in a better position to resolve whether Wells Fargo's reporting of the Wells Fargo Account to the CRAs is accurate.

The issue of accuracy should be decided by the parties best able to resolve this issue—Plaintiff and Wells Fargo—before consideration of the continuation of the CRA Matter.

### C.     This Cause Should be Stayed to Prevent Inconsistent Results

A stay of proceedings is further warranted in this case in the interest of judicial economy, efficiency, and to avoid confusion. *American Home Assurance Co. v. Vecco Concrete Constr. Co.,* 629 F.2d 961, 964 (4th Cir. 1980) (holding that "[w]hile it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action.").

Proceeding with the current cause without the outcome of the Arbitration raises concerns for the potential of inconsistent results. Specifically, the threshold question in both the Furnisher Matter and CRA Matter is whether the Wells Fargo Account information is accurate. *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Spencer*, 831 F. Supp. 2d at 1357. This Court and the arbitrator must both determine the same question: Whether the Wells Fargo Account was accurately reporting on Plaintiff's credit file. If the Arbitration and this litigation proceed concurrently, the possibility exists that the arbitrator and this Court come to different conclusions regarding the reporting of the Wells Fargo Account. Such inconsistent results may lead to an additional proceeding to resolve the inconsistency.

This potential inconsistency should be avoided. Instead, this case should be stayed until after the resolution of the Arbitration since questions of fact common to all actions are likely to be settled during the Arbitration. "[C]ourts have found it appropriate to stay the litigation between even non-contracting parties when questions of fact common to all actions pending in the [federal lawsuit] are likely to be settled during the . . . arbitration." *American Home Assurance,* 629 F.2d at 964.

### D. This Stay is Not Immoderate

Finally, the requested stay is limited in duration and "kept within the bounds of moderation." *Landis*, 299 U.S. at 256. Defendants request a stay only until the issuance of an arbitration award in the Arbitration. Defendants expect the Arbitration to begin soon since arbitration became ripe after the dismissal of Plaintiff's appeal in the Furnisher Matter. However, in the event a resolution of the Arbitration leaves disputed matters between Defendants and Plaintiff, this cause shall be revived.

WHEREFORE, the Parties pray that this Court stay all of the remaining and above-referenced deadlines, execute the Order to Stay Remaining Deadlines, which is filed herewith, and for all other just and appropriate relief.

Respectfully submitted,

*/s/ Alyson V. Blatney*
**ALYSON V. BLATNEY** (*admitted pro hac vice*)
alyson.blatney@strasburger.com
Texas Bar No. 24066249
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, TX  75034
Telephone: (469) 287-3964
Facsimile:  (469) 305-4295
 and
**ALEX BARFIELD**
abarfield@hplegal.com
**Hawkins Parnell Thackston & Young, LLP**
4000 SunTrust Plaza, 303 Peachtree St, NE
Atlanta, GA 30308-3243

Telephone: (404) 614-7400
Facsimile:  (404) 614-7500
***Counsel For Trans Union LLC***


*/s/ Saira Draper*

**Saira Draper**
sdraper@jonesday.com
**Natalie Williams**
nwilliams@jonesday.com
Jones Day
1420 Peachtree Street, NE. Suite 800
Atlanta, GA 30309-3053
(404) 581-8337
***Counsel for Experian Information Solutions, Inc.***


*/s/ Brian J. Olson*

**Brian J. Olson**
bjolson@kslaw.com
King & Spalding
1180 Peachtree Street, N.E., 40th Floor
Atlanta, GA 30309-3521
(404) 215-5806
***Counsel for Equifax Information Services, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

**Natalie Williams**
nwilliams@jonesday.com
**Saira Draper**
sdraper@jonesday.com
Jones Day
1420 Peachtree Street, NE. Suite 800
Atlanta, GA 30309-3053
(404) 581-3939
(404) 581-8337 Fax
*Counsel for Experian Information Solutions, Inc.*

**Brian J. Olson**
bjolson@kslaw.com
King & Spalding
1180 Peachtree Street, N.E., 40th Floor
Atlanta, GA 30309-3521
(404) 215-5806
*Counsel for Equifax Information Services, LLC*

and hereby certify that I have served the foregoing document to the following non-CM/ECF participant via First Class Mail:

**Bataski Bailey**
1778 Twin Brooks Dr. SE
Marietta, GA 30067
Telephone: (404) 933-9014
*Pro Se Plaintiff*

                                        */s/ Alyson V. Blatney*
                                        ALYSON V. BLATNEY