IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BATASKI BAILEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| EQUIFAX CREDIT INFORMATION | ) | 1:14-CV-00797-MHC-JCF |
| SERVICES, INC., EXPERIAN | ) | |
| SOLUTIONS, INC., AND | ) | |
| TRANS UNION LLC | ) | |
| Defendants. | ) | |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant, Equifax Information Services LLC ("Equifax"), incorrectly named as Equifax Credit Information Services Inc., submits this response in opposition to Plaintiff's Motion to Compel ("Motion").

## INTRODUCTION

First, as a threshold matter, Plaintiff's Motion should be denied because Plaintiff failed to comply with Local Rule 37.1. Second, even if Plaintiff complied with the Rule, the motion should still be denied because Equifax properly responded to the Interrogatories and its objections are well founded.

Plaintiff's Interrogatories 3, 4, and 5, which are included below, are the only interrogatories at issue in the Motion. Each interrogatory requests information regarding prior lawsuits or complaints by consumers against Equifax. There is no basis whatsoever to put Equifax through the burden of answering such overbroad

1

and unduly burdensome interrogatories, which are not reasonably calculated to lead to the discovery of admissible evidence.  Prior unsworn, unrelated complaints against Equifax that were never adjudicated by trial or otherwise cannot possibly be probative on the issue whether Equifax complied with the FCRA under the specific facts of this case as they concern this particular Plaintiff, and the burden Plaintiff would put on Equifax to research such complaints would outweigh any conceivable relevance.  This Court should, therefore, follow the lead of the numerous other federal courts that have refused to require defendants to produce such information and Plaintiff's motion to compel should be denied.

## **RELEVANT BACKGROUND**

### I.        **FACTUAL SUMMARY OF THE CASE**

On March 19, 2014, Plaintiff filed this lawsuit against Equifax and two other defendants, Experian Information Solutions, Inc. and Trans Union LLC, alleging violations of the Fair Credit Reporting Act ("FCRA").  (Doc. 1.)  Plaintiff claims that Wells Fargo Dealer Services misplaced one of his auto loan payments and subsequently reported inaccurate late payment information to the defendants. (Id., ¶¶ 8-13.)  Plaintiff alleges that the defendants willfully violated the FCRA by failing to report information with maximum possible accuracy and failing to review all relevant information provided by Plaintiff and Wells Fargo Dealer Services when he disputed the information. (Id., ¶¶ 45-46.)  The Complaint also

contains state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.  (Id., ¶¶ 47-57.)  Plaintiff seeks injunctive relief, unspecified actual damages, statutory damages, punitive damages, costs, and attorney's fees (a frivolous request because he is proceeding pro se).  (Id., ¶¶ 59-66.)

## II.        RELEVANT PROCEDURAL STATUS

On July 7, 2014, Plaintiff served his First Interrogatories on Equifax.  (Doc. 28.)  On August 11, 2014, Equifax served its responses to Plaintiff's Interrogatories.  (Doc. 54.)

On August 15, 2014, Plaintiff filed his first motion to compel against Equifax.  (Doc. 57.)  On September 23, 2014, the Court denied Plaintiff's first motion to compel, without prejudice, because Plaintiff failed to include a certification stating that he had complied with his duty to confer, and also because he failed to comply with Local Rule 37.1.  (Doc  86.)  On November 19, 2014, Plaintiff filed this second motion to compel.   (Doc. 99.)[1]

## III.       INTERROGATORIES AT ISSUE

The text of  Interrogatories Nos. 3, 4, and 5, and Equifax's responses, read as follows:

---

[1]     Plaintiff filed a virtually identical motion to compel against codefendant Experian Information Solutions Inc.  (Doc. 92.)  Equifax joins in and adopts the arguments set forth by Experian in its response.  (*See* Doc. 98.)

## INTERROGATORY NO. 3:

State whether you have been the subject of any complaints from other consumers regarding Fair Credit Reporting Act violations, or any related complaints.   List all investigations subject, date, and disposition.

## RESPONSE TO INTERROGATORY NO. 3:

Equifax objects to this Interrogatory on the basis that it is vague, overbroad, unduly burdensome, and seeks information which is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Equifax further objects to the Interrogatory to the extent that it seeks the production of information subject to the work product doctrine and/or attorney client privilege. Equifax further objects to this Interrogatory on the grounds that it seeks information that is confidential, proprietary and/or trade secret.

## INTERROGATORY NO. 4:

State whether you have been the subject of any lawsuits in local and/or State and/or Federal jurisdictions regarding Fair Credit Reporting Act violations, or any disputes arising from such alleged violations.   Please provide docket number, Court name and/or jurisdiction, Opposing party, and disposition.

## RESPONSE TO INTERROGATORY NO. 4:

Equifax objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and seeks information which is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 5:

State whether there have been any judgments against you in any local and/or State and/or Federal jurisdictions.   Please provide docket number, Court name and/or jurisdiction, Opposing party, and disposition.

## RESPONSE TO INTERROGATORY NO. 5:

Equifax objects to this Interrogatory on the basis that it is overbroad, unduly burdensome, and seeks information which is neither relevant

to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

## ARGUMENT AND CITATION TO AUTHORITY

First, Plaintiff's Motion should be denied due to his failure, again, to comply with Local Rule 37.1.   Second, Plaintiff's Interrogatories seek discovery of complaints filed against Equifax.   It is hard to perceive of a more burdensome request, or a more irrelevant one.   Equifax defends hundreds of lawsuits each year brought under the FCRA by individual consumers.   Virtually every lawsuit is dismissed involuntarily upon the grant of a dispositive motion filed by Equifax or voluntarily upon amicable resolution .   None of those hundreds of lawsuits has any relevance or bearing on any of Plaintiff's claims or the subject matter of this case. Indeed, the mere act of filing complaints lacks any probative value whatsoever.

## I.   PLAINTIFF'S MOTION DOES NOT COMPLY WITH LOCAL RULE 37.1.

As an initial matter, Plaintiff's Motion should be denied because Plaintiff has failed, for a second time, to meet the requirements of Local Rule 37.1.  Indeed, this Court denied Plaintiff's prior motion to compel against Equifax partly because Plaintiff failed to comply with this same Local Rule.  *See* Doc  86.

Experian briefed the issue of Plaintiff's failure to comply with Local Rule 37.1 extensively in its Response to Plaintiff's Motion to Compel.  *See* Doc. 98 at 2-6.  Rather than repeat the same argument here, Equifax incorporates by reference

that response and adopts it as it applies equally to Equifax.

## II.    EQUIFAX    PROPERLY    RESPONDED    TO    PLAINTIFF'S INTERROGATORIES.

Plaintiff argues that Equifax did not sufficiently respond to Interrogatory Nos. 3, 4, and 5.  As set forth above, those interrogatories request that Equifax identify *every* complaint and lawsuit filed by a consumer related to alleged FCRA violations by Equifax.   Interrogatory No. 5 requests that Equifax identify *all* judgments rendered against it, regardless of whether the judgment is related to violations of the FCRA.  Such prior litigation is irrelevant to the current dispute, and would be unduly burdensome for Equifax to respond to in any event.

### A.    Prior Complaints Against Equifax Are Not Reasonably Calculated To Lead To The Discovery of Admissible Evidence.

Complaints in other cases, in and of themselves, would prove nothing other than the fact that other consumers have *alleged* causes of action -- they certainly do not prove that Equifax violated the FCRA.   A consumer's mere filing of an unsworn, unrelated complaint in another court does not, and cannot, create an inference of liability on the part of Equifax for this case.

Other federal courts have denied exactly this sort of intrusive, burdensome fishing expedition in FCRA cases, and this Court should do the same.   For example, in *Mattingly v. Credit Management LP*, 2005 WL 3271683, *1 (D. Colo. June 7, 2005), the plaintiff requested that a consumer reporting agency, Experian

Information Solutions Inc., produce complaints "from any and all litigation filed against Experian" in the previous seven years "that alleged that Experian failed to properly investigate a consumer's dispute(s) or allege[d] that Experian violated 15 U.S.C. § 1681."  When Experian refused to produce the requested information on the grounds of irrelevancy and burdensomeness, the plaintiff filed a motion to compel.  The court denied the motion to compel, and its language applies with equal force here:

> Here, the court finds that the unrelated complaints are not relevant pursuant to Fed. R. Civ. P. 26(b)(1) to any of the claims or defenses plead[ed] in this case.  These unrelated complaints that are being requested by Plaintiff can best be described as unsworn hearsay. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir.1993). Furthermore, this court finds that the burden upon Experian to locate and retrieve these unrelated complaints is substantial and outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(2); *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124 (M.D.N.C. 1989).

*Id*. at *1.

Further, the court in *Marker* denied the plaintiff's motion to compel defendant's response to plaintiff's request for defendant's past litigation and claims histories.  *Marker*, 125 F.R.D. at 123-24.  In denying the plaintiff's motion, the court weighed the relevance of such a request with the burden that would be imposed on the defendant in complying with the request:

> The slender showing of need by plaintiff stands in juxtaposition to the burden to defendant of producing the documents.  Producing litigation histories very often is by its nature burdensome.  Moreover, as recounted earlier, defendant has come forward with specific facts

7

> demonstrating the burden.  Considering all of the above factors, the
> Court finds plaintiff's request to be excessive, unduly burdensome,
> and it shall be denied.

*Id*. at 125.

The reasoning of the *Mattingly* and *Marker* courts is sound and should be followed here.  Plaintiff's request for information regarding prior lawsuits is infirm on two grounds -- it is irrelevant and it is overly burdensome to produce, just as the request was held to be in *Mattingly* and *Marker*.  This Court should follow the *Mattingly* and *Marker* cases and deny Plaintiff's motion concerning Interrogatories 3, 4, and 5.

Whether Equifax failed to follow reasonable procedures and failed to conduct reasonable investigations of Plaintiff's disputes regarding his credit file here cannot be answered by the unsworn complaints of other consumers.  Such complaints would prove nothing other than the fact that other consumers *alleged* claims against Equifax.  The complaints in and of themselves do not prove that Equifax violated the FCRA in those cases, and certainly do not prove liability in this unrelated case.  Such complaints say nothing about whether Equifax's procedures were reasonable.  None of the unrelated suits has any relevance or bearing on any of Plaintiff's claims or to the subject matter of this case and, therefore, the Motion should be denied on this basis.  *See, e.g.*, *Frost v. American Lung Ass'n Central States*, 2009 WL 1636944, *1 (S.D. Tex. June 11, 2009) ("The

Court further finds that information regarding other claims and lawsuits brought against ALACS is irrelevant to Frost's claims, . . . therefore, his Motion to Compel further production . . . is DENIED."); *Prouty v. Nat'l R.R. Passenger Corp.*, 99 F.R.D. 545, 549 (D.D.C. 1983) (interrogatory sought "all lawsuits filed against Amtrak by employees discharged by it during the period May-June 1981":  "The Court finds that issues raised in other lawsuits are not relevant to this case. Therefore, the Court denies plaintiff's motion to compel an answer to interrogatory 4.").

## B.     Plaintiff's Request For Prior Complaints Against Equifax Is Overbroad And Unduly Burdensome.

Plaintiff seeks information regarding complaints filed against Equifax, without any limitation as to the time frame or court.  In order to comply with Plaintiff's request, Equifax would have to locate, retrieve, and review every complaint filed against it and the pleadings in each case to determine if the plaintiffs in those cases made any allegation under the FCRA.  The process would be time consuming and costly for Equifax, while providing no information that would be reliable or admissible in the case.  If Plaintiff wants to undertake this task, then he can search the public records through Westlaw, the Pacer system, or any other electronic searching mechanism himself and review the complaints and pleadings just as easily as Equifax, rather than imposing such a burden upon Equifax.

In *Moses v. State Farm Mut. Auto. Ins. Co.*, 104 F.R.D. 55, 57 (N.D. Ga. 1984), the plaintiff sought, from the insurer:

> (a)   The total number of no-fault claims;
>
> (b)   The number of such claims in which State Farm Mutual Automobile Insurance Company paid the no-fault benefits in full before or without a lawsuit being filed against State Farm Mutual Automobile Insurance Company to recover no-fault benefits;
>
> (c)   The number of such claims in which the State Farm Mutual Automobile Insurance Company paid the no-fault benefits in full after a lawsuit to recover such no-fault benefits was filed against State Farm.

The court denied the plaintiff's motion to compel, in language highly appropriate here:

> The court agrees that this interrogatory is not relevant to the issues in this case nor is it likely to lead to admissible evidence. The issues in this case are limited to Defendant's conduct regarding Plaintiff's claim for insurance benefits and to the adequacy of Defendant's reasons for that conduct. Defendant's conduct regarding the insurance claims of others is of no consequence to this case. Plaintiff can determine the reasons for Defendant's conduct regarding her claim by deposition of Defendant's employees and others who were involved in the decision not to pay the amounts in question.

*Id.*

Other courts have denied this type of request as well.   In *Apodaca v. Discover Financial Services*, No. 04-cv-00717-MCA-WDS, Doc. 49 (D.N.M. Feb. 10, 2005), the plaintiff sought discovery of prior lawsuits from Equifax.   *See Apodaca v. Discover Financial Services*, No. 04-cv-00717-MCA-WDS (D.N.M.

Feb. 10, 2005).  The Court in *Apodaca* held:

> As to prior lawsuits, the Court finds that the request is unduly
> burdensome.   Plaintiff has access to court data bases and
> administrative agency data bases and can find the same information.
> Defendants have offered to identify all judgments entered against it in
> the United States for the same allegations as Plaintiff during the prior
> five years.   The Court finds that a reasonable alternative and will
> order it.

*Id.* at 1.

In *Sabratek Liquidating v. KPMG LLP*, 2002 WL 31520993 (N.D. Ill. Nov.
13, 2002), the court considered a motion to compel in which the plaintiff sought
"documents concerning other lawsuits in which KPMG was a party involving
claims for professional malpractice."   The court held that even though the
requested information might contain some relevant information, it was not
discoverable because, the court reasoned, "we do not believe this justifies such a
potentially enormous amount of production on the part of KPMG."  *Id*. at *4.  The
court further denied the motion since "most, if not all, of the information sought is
publicly available."  *Id*.

In *Green Const. Co. v. Kansas Power and Light Co.*, 732 F. Supp. 1550 (D.
Kan. 1990), a surety company moved for a protective order to relieve it of the
burden of producing history concerning its bond claims.   The court granted the
motion for protective order:

> The court finds that the representation of Seaboard about the large
> amount of labor time it would be required to spend to comply with the

request shows that the request would place a great burden on Seaboard. Seaboard asserts that nearly 62,400 bond claims have been filed since 1983. Seaboard further asserts that it does not have an index or filing code system for the claims. Therefore, retrieval of the requested claims would require physical examination of all claims filed. Although [requesting party] has demonstrated the claims histories may have some relevance, the relevancy is outweighed by the burden the request places on Seaboard. The court finds that KPL's requests for response regarding histories of other claims should be denied . . . . *See* Fed. R. Civ. P. 26(b)(1)(ii).

732 F. Supp. at 1554.

Cases such as *Moses*, *Apodaca, Sabratek*, and *Green* are representative of the courts' rulings on this issue. Indeed, the cases are legion in which courts have refused to require corporate defendants to produce information and documents concerning prior lawsuits and disputes on the basis of irrelevancy, burdensomeness, or both. *See*, *e.g.*, *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co.*, 2007 WL 3376831, *5 (S.D. Ohio Nov. 8, 2007) ("[T]his court is not persuaded that information related to other policyholders' claims and complaints is relevant. . . . [T]his Court concludes that the requested information is not reasonably calculated to lead to the discovery of admissible evidence, *see* Fed. R. Civ. P. 26(b)(1), and that the burden and expense of responding to this extensive discovery request outweighs its likely benefit. . . .  Plaintiffs' Motion to Compel information related to the claims of other policyholders is therefore DENIED.") (citing numerous cases); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 1991 WL 183842, *3 (E.D. Pa. Sept. 16, 1991) ("When courts have been faced with this

12

question, they have ruled that other lawsuits filed against a party are not reasonably calculated to lead to the discovery of admissible evidence and therefore are not discoverable. . . . Clearly the utility of the documents sought is too marginal to justify the burden which would be placed upon Republic if required to review the mass of documents which must be examined in order to provide the Policyholders with the documents requested."); *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989) ("I hold, therefore, that the information sought by Leksi regarding the files of other insureds is not discoverable because although it may be considered remotely relevant, its production would be unduly burdensome and disproportionate to this litigation."); *Lawyers Title Ins. Corp. v. U.S. Fidelity & Guar. Co.*, 122 F.R.D. 567, 570 (N.D. Cal. 1988) ("Plaintiff also seeks extensive information about claims made against Aetna over the past five years and, for the same period, complaints by state insurance commissioners. . . . [I]nformation about how other people, insured under different policies, have felt about how Aetna has responded to their claims is too marginal in utility to justify the burden on defendant that complying with the requests as originally framed would entail.").

As a national company, Equifax is an easy and frequent target of lawsuits around the country. The mere filing of a complaint is not a finding of liability, nor does it have any bearing on the specific facts of the case at hand. The Court should deny Plaintiff's request for such burdensome and unhelpful information. If such a

burden is imposed on Equifax, Plaintiff should be ordered to reimburse Equifax for the cost.

WHEREFORE, Equifax respectfully requests that the Court deny Plaintiff's Motion to Compel and order such other relief as the Court deems appropriate.


Dated:  December 4, 2014                    Respectfully submitted,

                                            KING & SPALDING LLP

                                            By: Brian J. Olson
                                            Barry Goheen (Ga. Bar No. 299203)
                                            Lewis P. Perling (Ga. Bar No. 572379)
                                            Brian J. Olson (Ga. Bar No. 553054)
                                            1180 Peachtree Street N.E.
                                            Atlanta, Georgia  30309-3521
                                            Tel:  (404) 572-4600
                                            Fax:  (404) 572-5100
                                            Email:  bgoheen@kslaw.com
                                            Email:  lperling@kslaw.com
                                            Email: bjolson@kslaw.com
                                            *Attorneys for Equifax Information Services LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that 14 point New Times Roman was used for this Answer and that it has been formatted in compliance with Local Rule 5.4.

This 4th day of  December, 2014.


/s/ Brian J. Olson
Brian J. Olson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2014, I electronically filed Defendant Equifax

Information Services LLC's Response in Opposition to Plaintiff's Motion to

Compel with the Clerk of the Court using the CM/ECF system which will

automatically send email notifications of such filing to the following.  Copies have

been sent through the U.S. mail to those unable to receive ECF notifications.

Bataski Bailey
1778 Twin Brooks Drive SE
Marietta, GA 30067
*Pro Se Plaintiff*

Alyson Blatney
Strasburger & Price-TX
Suite 600
2801 Network Boulevard
Frisco, TX 75034

Alex Michael Barfield
Hawkins Parnell Thackston & Young, LLP-GA
303 Peachtree Street, N.E.
4000 SunTrust Plaza
Atlanta, GA 30308-3201
*Attorneys for Defendant TransUnion LLC*

Saira Draper
Jones Day-Atlanta
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-3053

Natalie Williams
Jones Day-Atlanta
1420 Peachtree Street, NE
Suite 800

Atlanta, GA 30309-3053

*Attorneys for Defendant Experian Solutions, Inc.*

/s/ *Brian J. Olson*
Georgia Bar No. 553054
Attorney for Equifax Information
Services LLC