IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BATASKI BAILEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| EQUIFAX CREDIT INFORMATION | ) | 1:14-CV-00797-MHC-JCF |
| SERVICES, INC., EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| AND TRANS UNION LLC | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STAY

Defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") (collectively referred to as the "Defendants"), jointly and respectfully file this Reply in Support of their Motion to Stay.

On December 4, 2014, Plaintiff filed his Response to Defendants' Motion to Stay ("Response"). (Doc. 104). Plaintiff opposes the stay of this case for three reasons: 1) "Wells Fargo has already admitted the account was reported inaccurately"; 2) this case involves issues beyond the accuracy of the reporting of the Wells Fargo account; and 3) arbitration between Plaintiff and Wells Fargo is not currently pending. All objections fail to provide sufficient reason to deny the stay of this matter.

## ARGUMENT AND AUTHORITIES

### A.    Wells Fargo Contends it Accurately Reported Information

Defendants move for a stay of the instant case until Plaintiff and Wells Fargo arbitrate the accuracy of the reporting of the Wells Fargo account at issue. Plaintiff argues that a stay of this case is unwarranted because Wells Fargo has already admitted the Wells Fargo account was inaccurately reporting. However, Wells Fargo has made no such admissions. Just the opposite: Wells Fargo contends it accurately reported the information relating to Plaintiff's Wells Fargo account. *See* Doc. 10, p.3. (Motion to Dismiss Amended Complaint and Compel Arbitration and Supporting Memorandum of Law; Bataski Bailey v. Wells Fargo; Case No. 1:14-cv-00989).

Plaintiff cites to three exhibits as proof that Wells Fargo admitted the Wells Fargo account was reported accurately. However, Plaintiff's exhibits, dated 2011, fail to establish any inaccurate reporting of the Wells Fargo account within the applicable statute of limitations. The instant lawsuit was filed in March 2014; therefore, to the extent any of Plaintiff's claims relate to the reporting of the Wells Fargo account in 2011 or prior, such claims are timed barred. 15 USC § 1681p. The relevant question for this case is whether the account is or was inaccurately reporting within the statute of limitations. Plaintiff does not make this important distinction.

### B.    Plaintiff Must Prove Inaccuracy to Recover

In further argument opposing a stay, Plaintiff contends the instant case involves issues beyond the accurate reporting of the Wells Fargo account. While there are several elements of Plaintiff's claims, the failure to establish even one element necessarily bars any recovery by Plaintiff. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24 (1986). Whether the Wells Fargo account was inaccurately reporting on his credit report is an essential element of Plaintiff's claims. *See Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir. 1991). Therefore, if Plaintiff cannot establish the inaccurate reporting of the Wells Fargo account, Plaintiff's claims fail as a matter of law without further discussion of other elements of his claim. Since Wells Fargo and Plaintiff are in a better position to resolve the issue of accurate reporting, this case should be stayed until this element is decided in arbitration.

### C.    Arbitration is Likely

Finally, Plaintiff argues that since there is currently no arbitration pending, this case should not be stayed. If no arbitration is currently pending, Plaintiff can still initiate arbitration. Therefore, the fact that arbitration may not yet have been initiated does not foreclose the possibility that it will be initiated at some time in the near future. Arbitration between Plaintiff and Wells Fargo is likely since arbitration is Plaintiff's only forum for his claims against Wells Fargo. However,

in the event Plaintiff does not proceed with arbitration with Wells Fargo at all,

Plaintiff can revive this matter.

WHEREFORE, the Defendants pray that this Court stay all of the remaining

and above-referenced deadlines, execute the Order to Stay Remaining Deadlines,

which is filed herewith, and for all other just and appropriate relief.

Respectfully submitted,

/s/ Alyson V. Blatney

**ALYSON V. BLATNEY** (*admitted pro hac vice*)
alyson.blatney@strasburger.com
Texas Bar No. 24066249
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, TX  75034
Telephone: (469) 287-3964
Facsimile:  (469) 305-4295
  *and*
**ALEX BARFIELD**
abarfield@hplegal.com
**Hawkins Parnell Thackston & Young, LLP**
4000 SunTrust Plaza, 303 Peachtree St, NE
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile:  (404) 614-7500
***Counsel For Trans Union LLC***

/s/ Saira Draper

**Saira Draper**
sdraper@jonesday.com
**Natalie Williams**
nwilliams@jonesday.com
Jones Day

1420 Peachtree Street, NE. Suite 800
Atlanta, GA 30309-3053
(404) 581-8337
***Counsel for Experian Information
Solutions, Inc.***


/s/ Brian J. Olson
_____
**Brian J. Olson**
bjolson@kslaw.com
King & Spalding
1180 Peachtree Street, N.E., 40th Floor
Atlanta, GA 30309-3521
(404) 215-5806
***Counsel for Equifax Information Services,
LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of December, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

| | |
|---|---|
| **Natalie Williams** | **Brian J. Olson** |
| nwilliams@jonesday.com | bjolson@kslaw.com |
| **Saira Draper** | King & Spalding |
| sdraper@jonesday.com | 1180 Peachtree Street, N.E., 40th Floor |
| Jones Day | Atlanta, GA 30309-3521 |
| 1420 Peachtree Street, NE. Suite 800 | (404) 215-5806 |
| Atlanta, GA 30309-3053 | ***Counsel for Equifax Information*** |
| (404) 581-3939 | ***Services, LLC*** |
| (404) 581-8337 Fax | |
| ***Counsel for Experian Information*** | |
| ***Solutions, Inc.*** | |

and hereby certify that I have served the foregoing document to the following non-CM/ECF participant via First Class Mail:

**Bataski Bailey**
1778 Twin Brooks Dr. SE
Marietta, GA 30067
Telephone: (404) 933-9014
***Pro Se Plaintiff***

*/s/ Alyson V. Blatney*
ALYSON V. BLATNEY