FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 22 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* ) | |
| ) | CASE NO:1:14-CV-0797-MHC-JCF |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, INC., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| TRANS UNION LLC ) | |
| ) | |
| Defendant's. ) | |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION OF DEFENDANT'S JOINT MOTION FOR STAY

COMES NOW Plaintiff Bataski Bailey and files this his Plaintiff's Sur-Reply in Opposition of Defendant's Joint Motion for Stay. The reply filed by the defendant's is as blatant an attempt to delay these proceedings as the original motion itself insofar as it attempts to argue issues that should be reserved for either a summery judgement motion or trial.

## ARGUMENT
## &
## CITATION OF AUTHORITY

The new premiss of the defendant's argument is that there is a question as to whether or not Wells Fargo Dealer Services inaccurately reported information, and now that even if this information was inaccurate it is time barred and therefore not actionable.

1

Again, that ideology is flawed as:

1. Wells Fargo Dealer Services has already admitted the account was reported inaccurately (see attached **Exhibits 1-3** from the plaintiff's response brief which the defendant's are already in possession of as a result of the discovery turned over by Wells Fargo's counsel on August 22, 2014 pursuant to a subpoena); and

2. This litigation is not only about that information being reported inaccurately, but also about the failures of the defendants' respectively to follow the guidelines set forth in the Fair Credit Reporting Act as to how disputes are investigated and errors corrected; and

3. The result of those failures as it relates to the negative impact on the plaintiff's credit score; and

4. The undue emotional distress caused by the defendant's willful, malicious, and negligent actions; and

5. All other claims outlined in the Plaintiff's complaint for damages; and

6. **The Defendant's are STILL reporting the account in question inaccurately.**

The defendant's argue that despite no arbitration is currently being litigated, this case should be placed on hold until and if the plaintiff decides to pursue claims against Wells Fargo who is not a named defendant in this action. This is a unconscionable request as this court is not designed to place cases on hold for an indefinite period of

time.

The defendant's also ignore the fact they have as an option to call as witnesses Wells Fargo employees to present any defenses they deem necessary as an alternative to an indefinite hold of this case. In fact its more likely than not that despite any potential arbitration decision the defendants would still call as witnesses employees from Wells Fargo and the same issues would be litigated due to the claims alleged in this action. The plaintiff has already placed the defendant's on notice that he intends to call Mr. Nick March, Wells Fargo Manager, and at least 1 other Wells Fargo employee to prove the same claims they say an arbitrator should rule on beforehand.

Lastly, the defendant's argue these claims are barred by time limitations pursuant to 15 USC §1681p. This will not be an issue in this case because the defendant's are STILL inaccurately reporting the account that is the subject of this litigation. The exhibits provided by the plaintiff in his *Response to Defendant's Joint Motion for Stay* will clearly show the defendant's purportedly have been placed on notice by Wells Fargo yet they **continue** to inaccurately report this account. The plaintiff's has even as recent as last week provided even more indisputable evidence showing they are inaccurately reporting this account yet they refuse to correct the inaccuracies.

As cited previously, *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 283 F. Supp. 2d 612, 614 (D. Conn. 2003) *quoting from Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991); *Clinton v. Jones*, *supra* at 708 (proponent of stay bears burden

3

of establishing its need); *Louis Vuitton, supra* at 97 (same); *Baisden v. Bourne*, 2006 WL 3497854 (D. Neb.) (burden on movant of showing specific hardship or inequity) the Court sets a strenuous standard on requiring the proponent of a stay to prove its need.

With respect to need, i.e., to avoid hardship or inequity, the courts have been clear that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *Baisden v. Bourne, supra* at *3-4 (same; also, "mere compliance with a discovery schedule" is not a hardship to justify a stay). Likewise, the desire to proceed "with one case at a time does not justify the burden of delay a stay may cause the [opposing parties]." *Id.* at *4.2

There is no need to stay this matter as the defendant's have the ability to call as witnesses any employee of Wells Fargo it so chooses to illustrate any defense it deems fit. The defendant's can not show that any defense they intend to use can't reasonably be presented without the advantage of a prior arbitration between the plaintiff and Wells Fargo. Furthermore, they fail to address the fact that if that arbitration was not to occur they will be in the same position of presenting a defense absent arbitration.

## CONCLUSION

As outlined above the plaintiff can make a *prima facie* case without any further evidence from Wells Fargo that the defendant's either knew or should have known the

4

information being reported was in fact inaccurate yet failed to take the necessary steps to investigate these inaccuracies and/or correct these inaccuracies as required by the Fair Credit Reporting Act. Also, if arbitration between the plaintiff and Wells Fargo does not go forward the defendant's will be in the same position as they are today which is they have the ability to call as witnesses any employee of Wells Fargo that may assist in their defenses.

WHEREFORE, the plaintiff prays upon this Court to **DENY** the Defendant's Joint Motion for Stay.

Respectfully submitted this 19th day of December, 2014.

_____/s/ Bataski Bailey_____
BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* ) | |
| ) | CASE NO:1:14-CV-0797-MHC-JCF |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, INC., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| TRANS UNION LLC ) | |
| ) | |
| Defendant's. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT'S JOINT MOTION FOR STAY** upon the following individuals, in the aforesaid action. I have deposited a copy of same via email, and in the United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Brian Olson
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
404.572.4600
bjolson@kslaw.com

Alex M. Barfield
Suite 4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
404.614.7400
abarfield@hptylaw.com

Saira Draper Esq.
Jones Day
1420 Peachtree Street, NE Suite 800
Atlanta, GA 30309-3053
404.581.8337
sdraper@jonesday.com


Respectfully submitted this 19th day of December, 2014.

_____/s/ Bataski Bailey_____
BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com