UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>EQUIFAX INFORMATION )<br>SERVICES, INC., )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>TRANS UNION LLC )<br>)<br>Defendant's. ) | CASE NO:1:14-CV-0797-MHC-JCF<br><br>FILED IN CLERK'S OFFICE<br>U.S.D.C. Atlanta<br><br>MAR 0 5 2015<br><br>JAMES N. HATTEN, Clerk<br>By: /s/ Deputy Clerk |

## OBJECTIONS TO MAGISTRATE JUDGES' ORDER
## DATED FEBRUARY 20, 2015

COMES NOW Plaintiff Bataski Bailey and files this his objections to U.S. District Court Magistrate Judge J. Clay Fuller's Order dated February 20, 2015 (doc.121) pursuant to FRCP Rule 59(a).

### BACKGROUND

On December 3, 2014 the defendant's filed a joint Motion to Stay (doc. 101) the proceedings pending the conclusion of an arbitration between the plaintiff and Wells Fargo Bank, N.A.. Their argument was "The outcome of the Arbitration will reveal whether Plaintiff is able to prove the essential element of claims against Defendants: inaccurate reporting of Plaintiff's Wells Fargo Dealer Services account no. 51769007xxxx (the "Wells Fargo Account") on Plaintiff's credit reports. Before

1

Plaintiff can prove that Defendants are liable, he must first prove that the Wells Fargo Account was inaccurately reporting". On December 4, 2014 the plaintiff filed his Response (doc. 104) to the defendant's Motion to Stay outlining that origins for inaccuracies for which this case is based has already been decided by the Cobb County Georgia Magistrate Court and therefore the stay should not be granted. The defendant's filed a Reply (doc. 107) essentially highlighting their claims. The plaintiff then filed a Motion for Leave to file a Sur-Reply (doc. 108) and a Sur-Reply (doc. 109) highlighting his position. The defendant's also filed a Response to the plaintiff's Sur-Reply (doc. 112) again highlighting its position. On February 26, 2015 a letter was filed with the Court by the plaintiff (doc. 123) explaining that since the filing of his Response and Sur-Reply a arbitration between the plaintiff and Wells Fargo had commenced.

## ARGUMENT & CITATION

In his decision the Honorable Judge Fuller referred to *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). In *Cahlin v. General Motors Acceptance Corp.*, the 11th Circuit explains that inaccurate reporting is an element of showing violations of the FCRA. What Judge Fuller ignores is the fact that element has already been met by the Cobb County Georgia Magistrate Judge (see **Exhibit 1**). In **Exhibit 2** a Wells Fargo document again acknowledges this element was met by stating "...As such, had this payment been applied correctly, the customer never would have been over 30 DPD which then caused several 60 DPD marks as well. Per judgement

2

against Wells Fargo Dealer Services, we need to remove all negative credit reporting." These negative reporting's included late payments, incorrect balances, incorrect account dates, incorrect payment amounts, and incompleteness. The inaccuracies were all a result of actions for which an order was issued in favor of the plaintiff by the Cobb County Magistrate Judge and should have been removed/corrected yet were not.

The issues in the arbitration with Wells Fargo like this litigation with the Credit Bureaus seek to address how the so-called robo reporting harmed the plaintiff by automatically reporting the same information deemed inaccurate by the Cobb County Magistrate Court since the Magistrate's order and continue still today. Therefore the premise on which the Motion for Stay is based is inherently flawed. This Court is in a relatively unique position as it has documents provided by Wells Fargo upon the Defendant's subpoena purportedly requesting a reporting be corrected and also stating this was a result of a judgement in favor of the plaintiff. This eliminates the Courts need for speculation as to whether or not the plaintiff has met the statutory requirement as outlined in the FCRA. Also, the defendant's have failed to identify anything that could come from the plaintiff's arbitration with Wells Fargo that would deem the Cobb County Magistrate's decision inadmissible or that would qualify it as something other than proof the information was inaccurate.

Judge Fuller also recites the defendant's position in his Order as it pertains to their contention that some of the plaintiff's damages were a result of the plaintiff failing to

make payments after the 2009 event. This position again is flawed as the "2009 event" was not adjudicated until July 30, 2011 by the Cobb County Magistrate Court who deemed the reporting's inaccurate and the actions from this "event" still plague the plaintiff's credit reporting today by being continuously reported as accurate even tho there is clear evidence to the contrary. The plaintiff vehemently denies any other actions or inactions by him contributed to the inaccuracies. The defendant's attempt to use this conjecture as a stall tactic to delay this proceeding without providing a single shred of evidence to support such a claim. They also ignore the fact the plaintiff not only complained to them about each and every inaccurate reporting but even provided them with clear evidence beyond that provided by Wells Fargo indicating the information was inaccurate yet they failed to act to correct this inaccurate information.

In *Stewart v. Credit Bureau, Inc.*, 734 F. 2d 47 - (Court of Appeals, Dist. of Columbia Circuit 1984), the Court states "Stewart's complaints about the incompleteness of his file are precisely the types of grievances for which Congress provided a specific dispute mechanism in the FCRA. *See* 15 U.S.C. § 1681i." The defendant's failure to reasonably execute the afore mentioned mechanism is the basis for this action. The defendant's have failed to reasonably use the information provided by both the plaintiff and Wells Fargo to report the maximum possible accuracy. "Congress did not limit the Act's mandate to reasonable procedures to assure only technical accuracy; to the contrary, the Act requires reasonable procedures to assure "maximum accuracy." The

4

Act's self-stated purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit ... in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. 1681e(b). Certainly reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate nor fair to the consumer who is the subject of the reports." see *Koropoulos v. Credit Bureau, Inc.*, 734 F. 2d 37 - Court of Appeals, Dist. of Columbia Circuit 1984.

Judge Fuller's ruling is not only contrary to the rule of law but also the spirit. Although the judicial power to issue stays is "broad", stay's should be reserved for the most imperative circumstances. A stay in this matter would severely harm the plaintiff because this account continues to be reported inaccurately causing continuous harm to the plaintiff. As shown above the plaintiff can and will show he has met all burdens to not only present a prima face case but also the evidence already presented leaves no question left for arbitration to answer with regards to these defendant's as the Cobb County Magistrate Judge has already ruled the information inaccurate as required in *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

In *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 283 F. Supp. 2d 612, 614 (D. Conn. 2003) *quoting from Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991); *Clinton v. Jones, supra* at 708 (proponent of stay bears burden of establishing its

need); *Louis Vuitton, supra* at 97 (same); *Baisden v. Bourne*, 2006 WL 3497854 (D. Neb.) (burden on movant of showing specific hardship or inequity) the Court sets a strenuous standard on requiring the proponent of a stay to prove its need. Here the defendant's can not prove a need for a stay because the basis for which the stay is predicated has already been decided. Also, as stated above the harm to the plaintiff far outweighs the benefit to the defendant's as ALL of the defenses the defendant have or planned to assert can still be asserted with no impact to their position whatsoever.

The Court in *Sierra Rutile LTD v. Katz*, 937 F.2d 743 (2d Cir. 1991) reviewed this very scenario. Although the Court ruled they lacked the authority to reverse the stay, they set a clear outline on how Courts should ensure a stay is needed prior to being granted. "Additionally, when the district court stays its proceedings on the ground that the resolution of issues in arbitration may be determinative of issues in the case, the court is required to tailor its stay so as not to prejudice the non-moving litigant unduly. *See NEDERLANDSE v. ISBRANDTSEN* 339 F.2d 440 (2d Cir. 1964) 339 F.2d at 442 (the district court order "should expressly provide that the [nonmovant] may move to vacate the stay if the arbitration proceedings have not been concluded after a stated and limited period of time."). **Moreover, the movant bears a heavy burden of showing necessity for the stay.** *Id.* **at 442** (the movant must "demonstrate to the satisfaction of the court that they have not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a

reasonable time, and that such delay as may occur will not work undue hardship."); *see also Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Kahn v. General Motors Corp.,* 889 F.2d 1078, 1083 (Fed.Cir. 1989)."

Furthermore, the plaintiff wants to ensure that if the stay is imposed the defendant's aren't allowed to invoke a creative color of a collateral estoppel defense to circumvent the plaintiff's right to a jury trial after a decision is rendered in the arbitration as the arbitration was one ordered by this Court. ("The law seems clear that where two suits are filed in different forums, the first has priority"); *Remington Prod. Corp. v. American Aerovap, Inc.,* 192 F.2d 872, 873, 91 USPQ 312, 313 (2d Cir. 1951). "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, **440 U.S. 147**, 153-54, 99 S.Ct. 970, 973-74, 59 L.Ed.2d 210 (1979)

## CONCLUSION

In addition to all of the arguments above, the defendant's have not proven a need for a stay in this matter and therefore it should not be granted. The harmful effects of such a stay on the plaintiff would far outweigh any perceived benefit to the defendant's. As noted in *Sierra Rutile LTD v. Katz*, 937 F.2d 743 (2d Cir. 1991) this Court has the authority to tailor a ruling DENYING A STAY WITHOUT PREJUDICE at this

7

particular juncture of litigation to mitigate the harm it would undoubtedly have on the plaintiff and allow the Defendant's the opportunity to refile if such a stay is warranted after the discovery phase has been completed. An order directing this litigation to proceed would in no way harm the defendant's regardless of the outcome of the arbitration with Wells Fargo as the defendant's in this matter would still be required to sit for depositions and otherwise complete discovery before they would have a chance to argue any potential outcome of the arbitration.

**WHEREFORE,** the plaintiff prays upon this Court to:

(1) REVERSE the Magistrate Judges Order granting a Stay; and

(2) REVERSE the Magistrate Judges Order denying the plaintiff's Motions to Quash Subpoenas to Wells Fargo;and

(3) DIRECT the Magistrate Judge to proceed with discovery as previously scheduled.

In the alternative if this Court sees fit to Affirm a Stay the plaintiff prays upon this Court to:

(1) Issue a ruling protecting the plaintiff from any future attempts by the defendant's to assert a collateral estoppel defense; and

(2) Issue an Order directing the defendant's to remove ALL reporting's of the Wells Fargo Account to which this litigation is based pending the outcome of this litigation.

Respectfully submitted this 4th day of March, 2015.

/s/ Bataski Bailey
BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>EQUIFAX INFORMATION )<br>SERVICES, INC., )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>TRANS UNION LLC )<br>)<br>Defendant's. ) | CASE NO:1:14-CV-0797-MHC-JCF |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing **OBJECTIONS TO MAGISTRATE JUDGES' ORDER DATED FEBRUARY 20, 2015** upon the following individuals, in the aforesaid action. I have deposited a copy of same via email, and in the United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Brian Olson
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
404.572.4600
bjolson@kslaw.com

Alex M. Barfield
Suite 4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
404.614.7400
abarfield@hptylaw.com

Saira Draper Esq.
Jones Day
1420 Peachtree Street, NE Suite 800
Atlanta, GA 30309-3053
404.581.8337
sdraper@jonesday.com



Respectfully submitted this 4th day of March, 2015.

_____/s/ Bataski Bailey_____
BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

Aug. 15. 2011  5:24PM    WELLS FARGO                                    No. 6827   P. 3

7690073039

## IN THE MAGISTRATE COURT OF COBB COUNTY
## STATE OF GEORGIA

BATASKI BAILEY

    Plaintiff

v.

WELLS FARGO DEALER SERVICES
INC. F/K/A WACHOVIA DEALER
SERVICES, INC.

    Defendant

Civil Action No. 11-J-02914

### JUDGMENT FOR PLAINTIFF

The within case having been tried, and after hearing evidence, and a decision having been duly rendered, I find in favor of the Plaintiff BATASKI BAILEY and ORDERED AND DECREED that Plaintiff BATASKI BAILEY do have and recover from the Defendant WELLS FARGO DEALER SERVICES, INC. F/K/A WACHOVIA DEALER SERVICES, INC. the sum of $681.00 dollars principal, together with future interest at the rate equal to prime rate as published on the date of this judgment plus 3 percent and $101.50 as court costs. The Defendant's counterclaim is denied.

**SO ORDERED AND ADJUDGED**

This 30 day of July, 2011

                                         TIMOTHY W. WOLFE, JUDGE
                                         MAGISTRATE COURT
                                         COBB JUDICIAL CIRCUIT

FILED IN COBB COUNTY MAGISTRATE COURT
THIS 1 DAY OF August, 2011
AT 9:00 O'(AM)PM
_Anne U. Gordon_
CLERK OF COURT

**Exhibit 1**

WF-000180

Aug. 19. 2011 1:01PM                                                                                    No. 9640   P. 1

**Wells Fargo Dealer Services**



AUG 19 2011

## Credit Bureau Dispute

| Date |
|---|
| 08/18/2011 |

| Last Name | First Name | Middle Initial |
|---|---|---|
| Belley | Bataski | |

| Address |
|---|
| 1006 PARKWAY AVE SE |

| City | State | Zip |
|---|---|---|
| SMYRNA | GA | 30080 |

| Daytime Phone | Date of Birth |
|---|---|
| (404) 933-9014 | 09/26/1960 |

| Account Number |
|---|
|  |

**Credit Bureau Name (check one)**

☒ Equifax          ☒ Experian          ☒ Trans Union

**Item in Dispute**
All 30/60 DPD Marks

**Reason for Dispute**
Customer sent in a check in July of 2009 but was never applied, customer filed suit against us and proved to the court that the payment was made. As such, had this payment been applied correctly, the customer never would have been over 30 DPD which then caused several 60 DPD marks as well. Per judgement against Wells Fargo Dealer Services, we need to remove ALL negative credit reporting.

Please include a copy of your credit report if you have one available.

I certify that all of the information above is true and complete. I further certify that I am the borrower, co-borrower, guarantor, or authorized signer/user on the above account.

NICK MARCH                    [signature]                    8/13/11
**Print Name**                 **Signature (required)**         **Date**

Mail or fax the completed form to the address or fax number provided below. DO NOT send any other company correspondence to this address. Please note that the Fair Credit Reporting Act Section 611 requires data providers to respond to disputes within 30 days of receipt of your notice. You will receive an acknowledgement letter providing the date that Wells Fargo Dealer Services received and logged your dispute.

Wells Fargo Dealer Services CBDR
Post Office Box 1697
Winterville, NC 28590
Fax Number: 800-428-1797

OF-411 (07/1/11)
Wells Fargo Dealer Services is a division of Wells Fargo Bank, N.A. © 2011 Wells Fargo Bank, N.A. All rights reserved.

CBD4E4E5F2674C9 Page 1 of 2 received on 8/19/2011 1:02

WF-000199