Case 1:14-cv-00797-MHC-JCF   Document 134   Filed 06/17/15   Page 1 of 10

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 17 2015

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* ) | |
| ) | CASE NO:1:14-CV-0797-MHC-JCF |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| EQUIFAX INFORMATION ) | |
| SERVICES, INC., ) | |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., ) | |
| TRANS UNION LLC ) | |
| ) | |
| Defendant's. ) | |

## PLAINTIFF'S STATUS REPORT AND DISCOVERY PLAN

Pursuant to this Court's Order dated June 8, 2015 (doc. 132) the Plaintiff Bataski Bailey files this his Plaintiff's Status Report and Discovery Plan.

### I. Arbitration Status

On February 20, 2015, this Court entered a stay as a result of a pending arbitration between the Plaintiff and Wells Fargo Bank, N.A. (doc. 121). On May 7, 2015 the arbitrator in the afore mentioned proceeding issued an Order. This order contained factual inaccuracies and was not based on law, and was also procured by corruption and fraud. As such the plaintiff in this matter intends to file Motion to Vacate this Arbitration Award with the U.S. District Court's Northern District of Georgia within

the timeframe allotted by statue. This award also states the matter before it was adjudicated by a prior arbitrator, when as shown by Exhibit B the arbitrator clearly states "Claimant has voluntarily dismissed his Complaint leaving only Respondent's Counterclaim for deficiency as amended and its claim for attorney's fees under O.C.G.A. §9-15-14 for decision." and later holding "Claimant's claim has been voluntarily dismissed in its entirety." These statements coupled with the ruling of the arbitrator in the current matter show the allegations made by the plaintiff against both Wells Fargo and the defendant's in this matter have not been adjudicated on the merits and therefore this Court can not use such decision to determine whether or not the reportings were accurate with regards to Trans Union, Experian, and Equifax's actions.

Furthermore, the initial arbitration award dated December 5, 2013 has also NOT be confirmed and in fact has also been disputed via motions to the Cobb County Superior Court which to date have not been heard or ruled upon. I'm sure this Court is fully aware any ruling using these arbitration awards as a basis with the potential for these awards to be vacated in full or in part would undoubtedly cause this Court's ruling to be called into question. Therefore, the plaintiff is requesting this Court move forward with this matter hearing all the evidence of the plaintiff's claims and render it's own decision as to whether or not these reportings were accurate. In the defendant's Motion for Stay they wrote "American Home Assurance Co. v. Vecco Concrete Constr. Co., 629 F.2d 961, 964 (4th Cir. 1980) (holding that "[w]hile it is true that the arbitrator's

findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action.")" as the reasoning for a stay pending arbitration. This citation clearly shows there is a possibility and maybe even likelihood there are inconsistent rulings in matters such as these. This Court is still tasked with hearing all relevant evidence and making it's decision based on said evidence in accordance with law and is not bound by a ruling in any pervious arbitration. The plaintiff is ready and willing to continue and complete discovery as outlined by this Court's rulings prior to the stay. The plaintiff also vehemently denies the defendant's mischaracterization of the plaintiff's attempt to comply with this Courts discovery orders as a "willful disregard for the discovery process". The plaintiff had turned over all documents and had responded to interrogatories as legally required to that point, and in no way was attempting to disobey this Court's orders or authority. If this Court recalls, the plaintiff was against a motion to stay and feels such a stay was merely a stall tactic by the defendant's as this Court would not be bound by any decision of the arbitrator and would still require discovery in a manner to allow the plaintiff an opportunity to present a prima facie case.

    Consequently, the plaintiff requests this Court to lift the current stay and allow the plaintiff 90 days to conduct depositions and further discovery based on statements made during said depositions.

## II. Proposed Extension of Stay

Because of the issues raised above, the plaintiff asks in the alternative, extend the current stay as to allow the Courts to address the claims of the plaintiff regarding both arbitration awards if this Court feels a resolution to these issues is required before proceeding.

Respectfully submitted this 16th day of June, 2015.

_____/s/ Bataski Bailey_____
BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BATASKI BAILEY, *pro se* )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>EQUIFAX INFORMATION )<br>SERVICES, INC., )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>TRANS UNION LLC )<br>)<br>Defendant's. ) | CASE NO:1:14-CV-0797-MHC-JCF |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing ~~OBJECTIONS TO MAGISTRATE JUDGES' ORDER DATED FEBRUARY 20, 2015~~ upon the following individuals, in the aforesaid action. I have deposited a copy of same via email, and in the United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

★ Plaintiff's Status Report and Discovery Plan

Brian Olson
King & Spalding LLP
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521
404.572.4600
bjolson@kslaw.com

Alex M. Barfield
Suite 4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
404.614.7400
abarfield@hptylaw.com

5

Saira Draper Esq.
Jones Day
1420 Peachtree Street, NE Suite 800
Atlanta, GA 30309-3053
404.581.8337
sdraper@jonesday.com


Respectfully submitted this 16th day of June, 2015.

_____/s/ Bataski Bailey_____
    BY: Bataski Bailey *Pro Se*

Bataski Bailey *Pro Se*
1778 Twin Brooks Dr. SE
Marietta, GA 30067
404.933.9014
bataskib@hotmail.com

# AMERICAN ARBITRATION ASSOCIATION    Ex. A
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 30 434 E 00591 12
    Bataski Bailey    ("Claimant")
    and
    Wells Fargo Dealer Services    ("Respondent")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties, and having been duly sworn, and an evidentiary oral hearing having been held in accordance with the Rules, and having fully reviewed and considered the oral testimony and written documents submitted to me, do hereby, FIND, as follows:

    Claimant has voluntarily dismissed his Complaint leaving only Respondent's Counterclaim for deficiency as amended and its claim for attorney's fees under O.C.G.A. §9-15-14 for decision.

    Claimant asserts that Respondent has failed to demonstrate strict compliance with O.C.G.A. § 10-1-36, and is thus barred from recovering the deficiency balance of $17,808.34 remaining on Claimant's obligation after the foreclosure and sale of the vehicle which secured his obligation. Exhibit 25, WF- 008936 I find that the text of the Notice satisfied all statutory requirements and that it was timely sent so that the only question arising under the evidence is whether it was sent to the address shown on the contract or such other address "as later designated by [Claimant]". Respondent's records show and Claimant acknowledges that he asked that the address on Claimant's account be changed to PO Box 813675 Smyrna, Georgia 30081. Exhibit 8, WF-000028. Responding to such request, Respondent changed the address to the numbered PO Box as requested; mistakenly, however, Respondent associated it with zip code 30080. *Id.* The Notice required by O.C.G.A. § 10-1-36 was sent to the 30080 zip code. Exhibit 20. Claimant offered uncontroverted testimony that zip codes 30080 and 30081 are assigned to different US Post Office locations serving Smyrna, Georgia. T-129. Thus Claimant's post office box is at one location and the notice was misaddressed and sent to another. The Notice subsequently found its way to the designated address, however. Exhibit 23, WF-00829. This satisfies Georgia law which, as applied, turns on delivery of the Notice to the address designated by the debtor (even if not actually received) rather than to some alternate location chosen by the creditor (even if actually received there). Thus while receipt by Claimant of a misaddressed Notice at an alternate address is irrelevant, *Consumer Portfolio Services, Inc. v. Rouse,* 282 Ga. App. 314, 316, 683 S.E. 2d 442, 444 (2006), timely arrival of that misaddressed Notice at the designated address satisfies the statute. *Hill v. Employees Credit Union,* 193 Ga. App. 44, 45 386 S.E.2d 874, 876 (1989); *cf. Beacham v. Calvary Portfolio Services, Inc.* 304 Ga. App. 37, 38-39, 695 SE2d 368, (2010)(court suggests in *dicta* that evidence of forwarding the misaddressed Notice to the proper address would have changed its analysis). From this I conclude that under current authority timely delivery of Respondent's misaddressed Notice to the address designated by Claimant satisfies O.C.G.A. § 10-1-36.

    Respondent seeks a declaratory judgment that Claimant's prior claim in the Cobb County Magistrate Court for improper credit reporting regarding the lost June 2009 payment is *res judicata.* Having closely examined that claim I find that it was void *ab initio.* The Statement of Claim filed in that case sought damages for "inaccurate reporting to the credit agencies". Exhibit 12. The Fair Credit Reporting Act ("FCRA") governs this claim. 15 USC § 1681s-2(a) requires that "furnishers" such as Respondent submit accurate information to credit reporting agencies. The FCRA, however, does not provide a private right of action to recover for a violation of this

In the Matter of the Arbitration between:

Re: 30 434 E 00591 12
    Bataski Bailey    ("Claimant")
    and
    Wells Fargo Dealer Services    ("Respondent")

## AWARD OF ARBITRATOR CONTINUED

requirement; indeed, it explicitly provides to the contrary. 15 USC § 1681s-2(c);(d); 15 USC § 1681s(c)(1)(B). Enforcement is reserved to federal and state officials. *Green v. RBS National Bank*, 288 Fed. Appx. 641, 642 and n.2 (11th Cir. 2008); *Caselli v. PHH Mortgage Corp.*, 2012 WL 12407 (N.D. Ga. 2012) The relief being sought by Claimant was thus not legally available and any action or inaction of the Cobb County Magistrate Court on this issue would be a nullity.

The arbitration provision in the Retail Installment Sales Contract upon which this action is predicated provides that the parties will pay their own attorney's fees and expenses. Exhibit 2. WF- 000127 The complexity of the legal issues involved in the analysis of both issues presented preclude me from concluding that Claimant's claims were made in bad faith or without substantial legal basis as required by O.C.G.A. § 9-15-14.

Accordingly, I AWARD as follows:

    Claimant's claim has been voluntarily dismissed in its entirety.

    Claimant is the prevailing party on Respondent's request for Declaratory Judgment which hereby is denied.

    Claimant is the prevailing party on Respondent's claim for attorney's fees under O.C.G.A. § 9-15-14 which is hereby denied.

    Respondent is the prevailing party on its Counterclaim, which is granted.

    Claimant shall pay to Respondent the sum of Seventeen Thousand Eight Hundred Eight Dollars and Forty Three Cents ($17,808.43) to satisfy the loan deficiency remaining after sale of the collateral.

    The administrative fees of the American Arbitration Association totaling $1,475.00 and the compensation of the arbitrator totaling $750.00 shall be borne as incurred.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

12/5/13
Date

*Marcus B. Calhoun*
Marcus B. Calhoun

Ex. B

Re:   Case Number: 01-14-0002-1116

Bataski Bailey, Claimant
-Vs-
Wells Fargo Bank, NA,
Wells Fargo Bank, NA d/b/a
Wells Fargo Dealer Services f/k/a
Wachovia Dealer Services, Respondents

## ORDER OF THE ARBITRATOR

In this arbitration Respondent, Wells Fargo Bank, NA, filed a Motion for Summary Judgment. Claimant, Mr. Bailey, filed a Motion to Dismiss Respondent's Counterclaim. Having fully reviewed and considered the written documents and exhibits submitted the Arbitrator in the above referenced action Finds:

Central to this dispute is the purchase of an Audi in 2008. Claimant financed the purchase of this vehicle through the predecessor to Wells Fargo Bank, NA. Claimant admitted he had not paid the full amount of the loan owed on the vehicle. He stopped making payments after the car was allegedly stolen in January 2012. Claimant may have an issue with his insurance company, Geico, but that is not the subject of this arbitration. The loan was charged off when it was 120 days past due on March 6, 2013 and this fact was reported to the various credit bureaus. Respondent took possession of the vehicle when it was found in May 2013, sold it and applied the sale amount to the balance of the loan leaving $17,808.43 due.

Claimant successfully filed a claim in 2011 in the Magistrate Court of Cobb County to recover a lost payment on this account. Wells Fargo satisfied the judgment and removed the negative notation on Claimant's credit report relating to this action in 2011. Claimant alleges inaccurate reporting dating back to July 19, 2011 and that he alleged these violations during the trial. Claimant alleges Mr. March's testimony corroborated his concerns about reporting to the credit agencies. The Cobb award occurred on July 30, 2011 and no mention was made of violations of the Fair Credit Reporting Act in the award.

Respondent was awarded the balance due on the purchase loan in the amount of $17,808.43 in a previous arbitration award on 12/5/13. Respondent filed to confirm this award in court on 11/20/14. No attorney's fees were awarded in that arbitration. The award referenced the arbitration clause and stated that each party is tasked with paying its own attorney fees and expenses. The award states that no private right of action is available under the Fair Credit Reporting Act for violations of the requirement to provide accurate information to credit reporting agencies. The award goes on to say that the relief sought by Claimant is not legally available. The Statement of Claim in that arbitration cites violations of the Fair Credit Reporting Act as its basis as does the Statement of Claim in this current arbitration.

Page 1 of 2

In this action Claimant refers to his checking account with Wells Fargo and cites reporting issues with Chex Systems but no facts are asserted or claim is set out clarifying this issue or separating it from the subject of the loan. Claimant states, "all claims derive from a common focus of operative fact" in his Statement of Claim. The purchase of the Audi, the loan financing the purchase and the issue with the checking account appear to be related and arose from the same transaction and the allegations of violations of the Fair Credit Reporting Act.

Claimant alleges that the three reporting agencies and Chex Systems will no longer reinvestigate his dispute with Wells Fargo. Claimant requested a copy of his credit file multiple times from all three agencies since July 2009. He disputed the information regarding late payments multiple times. Claimant called each agency on January 22, 2011 and asked for a reinvestigation. Claimant was repeatedly advised that the claims were verified after he resubmitted his requests for investigation. Forcing these entities to reinvestigate is not within the scope of this arbitration.

A court of competent jurisdiction and a competent arbitrator adjudicated the claims relating to the Fair Credit Reporting Act set out in the current Statement of Claim. Both parties had an adequate opportunity to litigate all claims in two separate forums. The subject matter of this arbitration has the same identity of parties, allegations regarding the Fair Credit Reporting Act and all claims arose from the same transaction. Neither party in this arbitration alleged new material facts. Further action would merely be a re-litigation of the same issues and claims.

Respondent's Motion for Summary Judgment is Granted and Claimant's Motion to Dismiss Respondent's Counterclaim is Granted. Therefore this case shall be closed.

The administrative fees of the American Arbitration Association totaling $1,700.00 (paid by Claimant in the amount of $200.00 and paid by Respondent in the amount of $1,500.00) shall be borne as incurred. The compensation of the Arbitrator totaling $750.00 (paid solely by Respondent) shall also be borne as incurred.

Lita Menkin, Arbitrator

May 7, 2015